**John C. HYLES, Plaintiff–Appellant,**

v.

**Eric MENSING; Solomon Bishaw; Duane Hewett; Paul Dempster; Gunnar Lundberg; American President Lines, Ltd.; Sailors' Union of the Pacific, and Does 1 through 10, Defendants–Appellees.**

No. 87–1858.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1988.

Decided June 17, 1988.

As Amended Aug. 3, 1988.

Jeffrey L. Kerwin, Law Offices of Jeffrey L. Kerwin, Berkeley, Cal., for plaintiff-appellant.

Dennis Daniels, San Francisco, Cal., John Henning, Kathleen S. King, Henning, Walsh & Ritchie, San Francisco, Cal., for defendants-appellees.

Before WRIGHT, WALLACE and NELSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

"In yet another 'variant of a familiar theme' we are called upon to decide if the plaintiff's state law tort ... claims were properly removed to federal court and dismissed because they were preempted by federal labor law. The plaintiff's complaint was carefully worded to avoid any direct reference to the collective bargaining agreement that controlled his employment, but the district court found nevertheless that the plaintiff in reality alleged violations of that agreement. The district court dismissed the complaint. We affirm." [1]

## BACKGROUND

Hyles was and is a wireman/splicer employed by defendant American President Lines, Ltd. (APL) and a member of defendant Sailors' Union of the Pacific (SUP). Defendants Mensing and Bishaw were his supervisors. Defendants Hewitt, Dempster and Lundberg were SUP officials.

The collective bargaining agreement (CBA) between APL and SUP provided that it would govern exclusively the employment relationship between SUP members and APL, and that grievances arising under the CBA would proceed first through a grievance proceeding and then to final and binding arbitration.

After APL terminated him, Hyles sued in California state court for conspiracy and infliction of emotional distress. He later added a claim for defamation against de-

---

1. Quoted from Judge Wisdom's opening paragraph in *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468 (9th Cir.1984) (footnote omitted).

fendants Mensing and Bishaw. Two days after filing the state tort action, Hyles filed a contract grievance with SUP. The grievance procedure concluded during the course of this action; the arbitrator ordered Hyles reinstated without backpay, subject to six months probation.

The defendants moved to remove Hyles' claims to federal court under 28 U.S.C. § 1441. The district court took jurisdiction of Hyles' complaint because his state claims were "artfully pleaded" to avoid federal jurisdiction and were preempted by section 301 of the Labor Management Relations Act (LMRA). It denied Hyles' motion to remand but allowed him to amend his complaint to state a cause of action under section 301. He declined to amend, but added a claim for defamation.

The court ruled ultimately that Hyles' conspiracy claim depended on his emotional distress claims, and that section 301 preempted those claims. It found also that some of the allegedly defamatory statements were barred by California's one year statute of limitation and that the remaining statements were preempted by section 301 because they were made during the course of a grievance proceeding. The court then dismissed Hyles' complaint for failure to state a claim for relief under section 301.

Hyles challenges the finding of federal preemption and the denial of his motion to remand to state court.

ANALYSIS

Hyles argues that, because no federal question appeared on the face of his complaint, removal was improper. The court concluded that Hyles' state action was really a claim for breach of the CBA, and was thus preempted by section 301. We agree with that conclusion.

28 U.S.C. § 1441 provides that a defendant may remove to federal court a civil action "brought in a State court of which the district courts of the United States have original jurisdiction." The Supreme Court explained section 1441 in *Caterpillar, Inc. v. Williams*, — U.S. ——, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987):

Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

(citations and footnotes omitted) (cited in *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996 (9th Cir.1987)).

■ Plaintiffs may not avoid removal by "artfully pleading" their claims to omit references to preemptive federal law. *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir.1987). Even if the plaintiff's complaint does not refer to federal law, the case may be removed if federal law preempts completely the state law on which it relies and "supplants" the state claim with a federal claim. *Young*, 830 F.2d at 996–97. Federal law need not afford the same remedies as state law to support removal. *Caterpillar*, 107 S.Ct. at 2429 n. 4 (discussing *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)).

In the context of labor relations, federal labor law preempts state law when state law " 'conflicts with federal law or would frustrate the federal scheme, or [if] the courts discern from the totality of the circumstances that Congress sought to occupy the field to the exclusion of the States.' " *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985) (quoting *Malone v. White Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 1190, 55 L.Ed.2d 443 (1978)). Section 301[2] of the LMRA preempts "claims founded directly on rights created by collective bargaining agreements, and also claims which are substantially dependent on analysis of a collective bargaining

---

2. Section 301 provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the

agreement." *Paige*, 826 F.2d at 861 (citing *Caterpillar*, 107 S.Ct. at 2431) (holding that a wrongful discharge claim based on violation of a state public policy tort is not preempted because it is a nonnegotiable independent state-law right). However, only "state law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are preempted." *Allis–Chalmers*, 471 U.S. at 213, 105 S.Ct. at 1912.

To determine whether section 301 preempts a state tort claim, we do not look to how the complaint is cast. Rather, we inquire whether "the claim can be resolved only by referring to the terms of the CBA." *Young*, 830 F.2d at 999. If the state tort action "as applied here confers nonnegotiable state-law rights on employers or employees independent of any right established by contract," the claim is not preempted. *Allis–Chalmers*, 471 U.S. at 213, 105 S.Ct. at 1912 (cited in *Paige*, 826 F.2d at 863 and *Young*, 830 F.2d at 999). A state law claim is independent for the purposes of Section 301 if "resolution of . . . [it] does not require construing the collective bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, — U.S. —, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410 (1988). However, if "evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract," it is preempted and may be removed to federal court. *Id.*

*Emotional Distress*

Hyles' claims for emotional distress are grounded on the assertion that some defendants failed to process his grievance complaints, filed false reports accusing him of work infractions, removed him as union delegate, arbitrarily demanded that he submit to a physical examination, and terminated him without cause.

■ After reviewing these allegations we conclude that they are not based on non-negotiable state law rights and are "inextricably intertwined with consideration of the terms of the labor contract." Hyles points to no independent, non-negotiable state standard by which we can judge the defendants' conduct. Because the CBA, rather than a nonnegotiable state law standard, defines the defendants' authority and Hyles' rights with regard to the conduct complained of, Hyles' claims are not independent of the CBA.[3] The CBA establishes the defendants' responsibility to process grievance complaints. It establishes also procedures by which union delegates may be elected and removed. The CBA grants to the defendants authority to demand that Hyles submit to a physical examination. It grants to him the right to be terminated only for cause.

To assess whether the defendants intentionally inflicted emotional distress on Hyles by exercising their authority under the CBA, the court would have to interpret the CBA to determine the scope of their authority. Because there is no controlling non-negotiable state law standard and the CBA covers the conduct underlying his claims, they cannot be analyzed apart from the CBA."

Hyles claims that under the test set forth in *Farmer v. United Bd. of Carpenters & Joiners*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), the tort of intentional infliction of emotional distress escapes preemption. In *Farmer* the Supreme Court considered preemption of state tort claims under the National Labor Relations Act (NLRA). We have applied the *Farmer* test to section 301 cases. *See, e.g., Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir.1984) *cert. denied*, 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985) and

United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

3. Unlike the CBA in *Tellez v. PG & E Co., Inc.*, 817 F.2d 536 (9th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 251, 98 L.Ed.2d 209 (1987), the CBA here specifically covers the conduct complained of. *See also Young v. Anthony's Fish*

*Grottos, Inc.*, 830 F.2d 993, 1002 (9th Cir.1987) (limiting *Tellez* to cases in which tort claims arise from conduct not covered by the CBA); and *Utility Workers of America, Local No. 246 v. Southern California Edison Co.*, 852 F.2d 1083, 1086–87 (9th Cir.1988) (distinguishing *Tellez* from cases in which the CBA covers allegedly tortious conduct.)

*Olguin v. Inspiration Consolidated Copper Co.,* 740 F.2d 1468 (9th Cir.1984). But we decided those cases before the Supreme Court decided *Allis–Chalmers.* In *Vincent v. Trend Western Technical Corp.,* 828 F.2d 563 (9th Cir.1987), decided after *Allis–Chalmers,* we limited *Farmer* to cases under the NLRA. *Allis–Chalmers,* not *Farmer,* controls preemption by section 301. *Vincent,* 828 F.2d at 565. Because the *Allis–Chalmers* test governs section 301 preemption, we reject Hyles' claim that *Farmer* exempts his claim from preemption.

The emotional distress claims are preempted by section 301 and were properly removed.

*Conspiracy*

The acts underlying Hyles' conspiracy claims are the same acts as those that allegedly caused him emotional distress. California does not recognize conspiracy as an independent tort. "[T]he only significance of the conspiracy charge is that each member may be held responsible as joint tortfeasor." Witkin, 4 *Summary of California Law* § 31, at 2330 (8th ed. 1974) (citations omitted). Because his conspiracy claims are not independent of his claim for emotional distress, they also are preempted.

*Defamation*

Hyles alleged that Mensing and Bishaw defamed him by filing false reports and giving false testimony during the grievance proceedings. He does not allege that these statements were published to persons who did not have a legitimate interest in them. The court found the statements were privileged because they were made pursuant to a grievance proceeding.

■ We agree with the district court that the allegedly false work infraction reports and testimony are privileged and do not support state tort claims for defamation.[4]

Federal labor policy promotes the collective bargaining process as a means of stabilizing the relationship between employers and employees. It is "an effort to erect a system of industrial self-government." *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 580, 80 S.Ct. 1347, 1351, 4 L.Ed.2d 1409 (1960). Grievance procedures established by the CBA are crucial to maintaining that system. "[T]he grievance machinery under a collective bargaining agreement is at the very heart of the system of industrial self-government.... The processing of disputes through [that] machinery is actually a vehicle by which meaning and content are given to the collective bargaining agreement." *Id.* at 581, 80 S.Ct. at 1352.

To allow state defamation claims based on statements made in grievance proceedings would weaken the grievance system as a means of industrial self-government. Exposing witnesses to this potential tort liability would inhibit and discourage forthright and sincere testimony and participation in the system. *See Hasten v. Phillips Petroleum Co.,* 640 F.2d 274, 279 (10th Cir.1981) ("[D]amage suits predicated on statements made in the grievance procedures would tend to interfere with frank and strong statements of positions in such proceedings.")

In the interest of protecting the CBA and its grievance procedures, we conclude that, as a matter of federal law, statements that are made in grievance proceedings established by a CBA and are not published to persons lacking legitimate interests in them are privileged and may not support a state tort claim.

The judgment is affirmed.

---

**4.** Because Hyles does not appeal the court's determination that the statute of limitation bars his claims based on the other allegedly defamatory statements we do not consider them.