**David MAYNARD, Plaintiff,**

v.

**MARE–BEAR, INC., a Nevada corporation, d/b/a Stardust Hotel & Casino, and Does I–X, inclusive, Defendants.**

**No. CV S–88–931 RDF.**

United States District Court,
D. Nevada.

May 16, 1989.

George R. Carter, Las Vegas, Nev., for plaintiff.

Salvatore C. Gugino, of McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks, Las Vegas, Nev., for defendants.

## ORDER DENYING MOTION TO DISMISS AND REMANDING TO STATE DISTRICT COURT

ROGER D. FOLEY, Senior District Judge.

This matter is before the court on defendant's motion to dismiss based upon federal preemption of state law causes of action pursuant to section 8 of the National Labor Relations Act (NLRA), 29 U.S.C. § 158, and section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. For the reasons hereinafter stated, the motion to dismiss is denied and the case is remanded to the Eighth Judicial Court for the State of Nevada.

### I. *Facts and Procedural History*

David Maynard (Maynard), the plaintiff, was hired by the defendant, Stardust Hotel & Casino (Stardust), as a bellman in 1960. Doc. # 1, Exh. 2 at 2. Maynard became a parking valet in 1968 and was later elevated to parking valet supervisor. *Id.* Maynard is a member of Teamsters Local 995 which was party to a collective bargaining agreement (CBA) with the Stardust until April 1987 when the CBA expired. No new agreement was entered into by the Stardust and Local 995.

On August 1, 1985 Maynard was fired. Pursuant to the then existing CBA, Maynard sought reinstatement through arbitration. *Id.* The arbitrator reinstated May-

nard on January 29, 1986 and Maynard resumed work on April 5, 1986.

On October 2, 1987, and after the CBA expired, the Stardust again terminated Maynard. *Id.* Maynard filed a grievance with Local 995, which pursued the grievance procedure outlined in the expired CBA. Doc. # 11, Exh. Q. The preliminary grievance procedures were ineffective in settling the dispute, so the union requested arbitration. Doc. # 11, Exh. P. The Stardust refused to arbitrate arguing that the expired CBA and its grievance provisions were not in effect. Doc. # 11, Exh. Q. The Stardust's position was that Maynard's termination did not "arise under the expired contract." *Id.*

Subsequently, on November 2, 1988, Maynard filed a complaint in state court alleging breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith discharge, and intentional infliction of emotional distress. Doc. # 1. Maynard alleges that between April, when the CBA expired, and October, when Maynard was terminated, he "was employed pursuant to an expressed or implied contract of employment between him[self] and the Stardust." Doc. # 1, Exh. 2 at 2.

The Stardust removed the case to this court on December 5, 1988 pursuant to the removal statute, 28 U.S.C. § 1446(b), and the LMRA, 29 U.S.C. § 185(c). After removal, the Stardust filed this motion to dismiss arguing that Maynard artfully pleaded state law claims which are preempted by federal labor law and the case is barred because the six month statute of limitations contained in the NLRA, 29 U.S.C. § 160(b), expired prior to the filing of the complaint. Doc. # 6. Maynard filed a timely opposition, Doc. # 9, and the Stardust filed a reply, Doc. # 11.

## II. *Removal Jurisdiction*

No diversity jurisdiction is alleged. Jurisdiction, therefore, must be based on a federal question. Such federal question can only derive from section 301 of the LMRA or section 8 of the NLRA. The Stardust removed the present action to this court under 28 U.S.C. § 1441(a) which al-

lows for the removal of any civil action over which the district courts have original jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Original jurisdiction may derive from a specific federal statute, *i.e.,* the LMRA or the NLRA, or an area where federal law completely preempts state law. *Id.* at 393, 107 S.Ct. at 2430. The "preemptive force of a statute [may be] so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). If a state claim is completely preempted by federal law, a cause of action arising within the preempted area necessarily arises under federal law and is removable. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23–24, 103 S.Ct. 2841, 2853–54, 77 L.Ed.2d 420 (1983).

### A. No Jurisdiction Pursuant to Section 301 of the LMRA

The court's original jurisdiction is allegedly predicated on section 301(a) of the LMRA which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court...." 29 U.S.C. § 185(a).

Under section 301(a), a CBA must exist and the cause of action must arise from that CBA. *Carpenters Southern California Admin. Corp. v. Majestic Housing,* 743 F.2d 1341, 1345 (9th Cir. 1984). When an employee alleges a claim based on events occurring after a CBA has expired, section 301 cannot provide the basis for jurisdiction. *Office & Professional Employees Ins. Trust Fund v. Laborers Funds Administrative Office, Inc.,* 783 F.2d 919, 921 (9th Cir.1986); *Lumber Prod. Indus. Workers v. W. Coast Indus. Rel.,* 775 F.2d 1042, 1046 (9th Cir.1985) ("[A]n expired agreement cannot serve as the basis for a proper exercise of jurisdiction under section 301(a)."). Because the CBA

expired in May, 1987, and Maynard was not terminated until October of that same year, section 301(a) does not provide a basis for jurisdiction. Doc. # 1, Exh. 2 at 2; Doc. # 11, Exh. Q.

■ Likewise, the complete preemption doctrine predicated on section 301(a) cannot support removal of this case. Maynard claims breach of an employment contract allegedly entered into after the CBA expired. The Stardust notes that Maynard's alleged individual contract contains terms for "termination procedures," Doc. # 1, Exh. 2 at 3, "insurance benefits and pension benefits," id., and a prohibition on his termination without "just cause," id. at 4. The Stardust contends that these provisions are the same provisions as those in the expired CBA. The Stardust argues that Maynard has "artfully pleaded" his claims as state claims in order to avoid the complete preemption doctrine. Doc. # 11 at 8–10.[1]

It is well settled that a plaintiff is master of his complaint and he may rely on either federal or state law to define his cause of action. *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1372 (9th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). This is the well-pleaded complaint rule and it allows the plaintiff to control the forum for his complaint's adjudication. *Id.* A corollary rule is that "the plaintiff cannot defeat removal by masking or 'artfully pleading' a federal claim as a state claim." *Id. quoting* 14A C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 2d § 3722 (1985).

The Supreme Court recently stated that for purposes of complete preemption under section 301 "application of state law is preempted by § 301 of the [LMRA] only if such application requires the interpretation of a collective bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, —— U.S. ——, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988). For example, in *Hyles v. Mensing*, 849 F.2d 1213 (9th Cir.1988), the complaint failed to disclose an existing CBA that formed the basis of the plaintiff's action. The Ninth Circuit Court of Appeals held that the plaintiff's claims were completely preempted by section 301 and the plaintiff could not avoid removal by artfully pleading his claims to omit references to preemptive federal law. *Id.* at 1215.

If Maynard's claims are dependent upon the expired CBA, then they are clearly preempted. At this juncture of the case, however, the court is not convinced that any claim relies on the expired CBA. Maynard specifically alleges a separate agreement which was entered into after the CBA expired. Doc. # 1, Exh. 2 at 2; Doc. # 6 at 2 ("the expired CBA is not relevant to a determination of [these claims]"). For purposes of a motion to dismiss, the court must accept as true all averments of the plaintiff and draw all reasonable inferences in favor of Maynard, the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987).

In addition, the Ninth Circuit has noted that the artful pleading doctrine will only be utilized in "exceptional circumstances." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1403 (9th Cir.1988) ("[W]e will invoke the [artful pleading] doctrine 'only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results.'" *citing Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d at 1372). Thus, for the reasons stated above, section 301 does not provide the court jurisdiction over this matter.[2]

1. Maynard denies that his alleged individual contract derives its terms from the expired CBA. Instead, Maynard contends that through discovery he will obtain evidence of course of dealing, memoranda establishing new disciplinary procedures which were implemented after the CBA expired, and employee handbooks and manuals which will prove the existence of a contract separate from the expired CBA. Doc. # 1, Exh. 2; Doc. # 9 at 2.

2. The Stardust argues that to the extent Maynard is seeking to enforce the award of back pay obtained through arbitration in 1986, the claim involves interpretation of a CBA and falls within the purview of section 301. Doc. # 6 at 7–8. *See Nolde Bros., Inc. v. Bakery Workers*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300, *reh. denied*, 430 U.S. 988, 97 S.Ct. 1689, 52 L.Ed.2d 384 (1977); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir.1987). Although

## B. No Jurisdiction Pursuant To Section 8 Of The NLRA

■ Maynard's third claim for relief alleges retaliatory bad faith discharge for using the arbitration procedure in the CBA after his first termination from the Stardust in August of 1985. Doc. # 1, Exh. 2 at 5. The Stardust argues that Maynard has alleged an unfair labor practice under the NLRA, 29 U.S.C. § 158(a)(4), and his claim is preempted by federal law. Regardless whether Maynard's third claim for relief is preempted by the NLRA, this court lacks jurisdiction to decide the matter.

The Stardust cites *San Diego Unions v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), and its progeny, in support of its preemption argument. Further, the Stardust cites a Second Circuit Court of Appeals case with facts analogous to those presented here. Like Maynard, *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27–28 (2d Cir.1988) involved an employee who was discharged after a CBA had expired. The CBA contained a clause providing that an employee could only be fired for just cause. *Derrico* argued that the for-cause limitation transformed into an independent contract under state law because after expiration of the CBA, federal law maintained the terms of the expired CBA for some purposes and the employer and employee continued their relationship. *Id.* at 23.

The Second Circuit first reviewed section 301 and held that removal and preemption under that section do not exist once the CBA expires by its own terms. *Id.* at 26–27. The court next held that removal was nonetheless proper because the complaint specifically stated that the employee's claims relied on federal labor law. *Id.* at 28–29. The employee's complaint alleged that an implied contract of employment existed under state law because section 8 of the NLRA requires the parties to maintain the *status quo* after expiration of the CBA and before impasse between the parties to the collective bargaining process.[3]

The Second Circuit rejected the employee's argument and held the following:

[T]o derive an implied contract at state law from the post-expiration maintenance of *status quo* that the section 8 bargaining obligation *requires* would raise the chaotic prospect that mere compliance with the NLRA would give rise to a contractual commitment in every state where such agreements may be implied from parties' conduct. This consequence would be tantamount to imposing a contract on the parties, a notion that has always been anathema to the NLRA....

*Id.* at 29 (emphasis in original) (citations omitted).

Maynard responds to the Stardust's position by arguing that one of the two *Garmon* exceptions prevents preemption. Doc. # 9 at 4–5. Neither party has recognized the controlling preliminary issue here. That issue is whether section 8 of the NLRA can serve to provide removal

---

the Stardust's argument is correct, Maynard's complaint clearly does not seek enforcement of an earlier back pay award. Rather, Maynard sets out several actions of the Stardust which form the basis of his claim for intentional infliction of emotional distress. Doc. # 1, Exh. 2 at 6. Failure to remit the back pay award is only one alleged action underlying the emotional distress claim.

Nevertheless, to the extent that the actions by the Stardust occurred during the time when the CBA was in effect, the claim is preempted. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d at 1002. To the extent that the Stardust's actions occurred after the CBA expired and during the time when a separate employment contract allegedly existed between the Stardust and Maynard, a cause of action for intentional infliction

of emotional distress may exist. The state court will determine this after discovery is completed.

3. Section 8(a)(5) of the NLRA requires the employer and the collective bargaining agent to bargain in good faith. 29 U.S.C. § 8(a)(5). This requirement has been interpreted to mean that the parties must maintain the *status quo* during collective bargaining after expiration of a CBA. *NLRB v. Katz*, 369 U.S. 736, 743, 82 S.Ct. 1107, 1111, 8 L.Ed.2d 230 (1962). Failure to maintain the *status quo* constitutes an unfair labor practice subject to punishment by the National Labor Relations Board. Once the parties reach an impasse in their bargaining, however, maintenance of the *status quo* is no longer required. *See Derrico v. Sheehan Emergency Hosp.*, 844 F.2d at 26–27 and cases cited therein.

jurisdiction to the federal courts. The answer to this query is "No".

As noted earlier, removal jurisdiction exists only when a case could have been originally brought in federal court. When the federal district courts lack original jurisdiction, they also lack removal jurisdiction. Under preemption, the general rule is that if the activity relied on as the basis for a suit is "arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board...." *San Diego Unions v. Garmon*, 359 U.S. at 245, 79 S.Ct. at 779.

Thus, if Maynard's claim had been initially filed in federal court, it would have been dismissed for lack of jurisdiction. *See Lumber Prod. Indus. v. W. Coast Indus. Rel.*, 775 F.2d at 1049 (on appeal, the Ninth Circuit held that section 8 of the NLRA preempted the state law claims filed in district court and since there was no section 301 jurisdiction, the court remanded the case for dismissal).

The Ninth Circuit recently dealt with this issue in the context of removal jurisdiction under sections 7 and 8 of the NLRA. In *Ethridge v. Harbor House Restaurant*, 861 F.2d at 1401–1402, the court stated:

> To summarize, we conclude that the district court lacked removal jurisdiction.... While sections 7 and 8 of the NLRA prohibit termination of employment in retaliation for union-related efforts, an action based upon allegations of such conduct may not be pursued in the federal district courts. Congress has created a system of labor law in which the majority of the controversies between employees and management or management and labor unions are committed to the expertise of the NLRB. Congress did not intend, however, to preempt all state regulation of labor-related matters. The Court has excepted from this *Garmon*-preemption doctrine matters of only peripheral concern to the federal labor law system, and matters of peculiar concern to the states. *See Garmon*, 359 U.S. at 243–44, 79 S.Ct. at 778–79. To accommodate these excep-

tions, it is the state courts, not the federal courts, that must decide in the first instance whether the states have jurisdiction over a given case. *Cf. Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 n. 9, 105 S.Ct. 1904, 1912 n. 9, 85 L.Ed.2d 206 (1985) (describing *Garmon* as requiring balancing of state and federal interests). If the action is one actually or arguably covered by sections 7 or 8, a state court's jurisdiction to adjudicate the controversy is extinguished and state law is preempted by federal law. *Brown v. Hotel & Restaurant Employees*, 468 U.S. 491, 502, 104 S.Ct. 3179, 3185, 82 L.Ed.2d 373 (1984). But state courts must make this initial determination, subject to review by the Supreme Court, not the federal district courts.

Consequently, this court lacks the jurisdictional power to accept a removed case in order to determine whether section 8 of the NLRA preempts alleged state causes of action. That task is properly performed by the state court and remand is required to allow the state court to perform its task.

## III. *Conclusion*

THEREFORE, pursuant to the reasons outlined above, this court finds that it lacks subject matter jurisdiction over this dispute. The Stardust's motion to dismiss is DENIED. Furthermore, pursuant to 28 U.S.C. § 1447(c), the dispute is REMANDED to the Eighth Judicial District Court for the State of Nevada.

IT IS SO ORDERED.