**Shaun Patrick SCHROEDER, Plaintiff,**

v.

**CROWLEY MARITIME CORPORATION, Defendant.**

No. 92–6820–CIV.

United States District Court, S.D. Florida.

June 22, 1993.

William Robert Amlong, Amlong & Amlong, P.A., Fort Lauderdale, FL, Harry O. Boreth, Glasser & Boreth, Plantation, FL, for plaintiff.

Robert Donald Brown, Daniel Lawrence Abbott, Blackwell & Walker, P.A., Miami, FL, for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendant's Motion to Dismiss and Motion for Summary Judgment. The motions have been fully briefed, and the Court heard oral argument of counsel on June 4, 1993. The motions are now ripe for ruling.

### I. Introduction

This is an action brought pursuant to Fla. Stat. § 448.101 *et seq.*, which prohibits an employer from taking retaliatory personnel action against an employee because the employee has "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." The plaintiff, Shaun Patrick Schroeder, was a driver for the defendant, Crowley Maritime, and claims that his employment was terminated because he refused to violate the Federal Motor Carrier Safety Regulations by driving an unsafe vehicle.

Crowley Maritime has filed this motion to dismiss, or alternatively for summary judgment, arguing that Fla.Stat. § 448.101 is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. It asserts that the plaintiff is a member of the International Brotherhood of Teamsters, Local Union 390, and that Crowley Maritime and the union have entered into a Collective

Bargaining Agreement, which contains provisions for resolving all disputes "between the parties involving the interpretation and application of the provisions" of the agreement. According to the defendant, the plaintiff's claim will require interpretation of the Collective Bargaining Agreement, and therefore is pre-empted by Section 301 of the Labor Management Relations Act.

## II.  Discussion

Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the citizenship of the parties.

The pre-emptive effect of this statute was first analyzed by the Supreme Court in *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). In *Lucas Flour*, an employer brought an action for breach of contract against a union in a Washington state court, alleging that the union had breached a collective bargaining agreement. 369 U.S. at 96, 82 S.Ct. at 573. Applying local contract law, the lower court entered judgment against the employer, and the judgment was affirmed by Department One of the Supreme Court of Washington. *Id.* On appeal to the United States Supreme Court, the Court held that Section 301 mandates that a suit alleging a violation of a provision of a labor contract must be brought under § 301, and must be resolved by reference to federal law. 369 U.S. at 102, 82 S.Ct., at 576.

The Supreme Court addressed the issue of § 301 pre-emption again in *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). In *Lueck*, the Court considered whether the Wisconsin tort remedy for bad-faith handling of an insurance claim could be applied to the handling of a claim for disability benefits that were authorized by a collective bargaining agreement. 471 U.S. 202, 105 S.Ct. 1904. The Court

initially stated that "state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements." 471 U.S. at 213, 105 S.Ct., at 1912. "If the state tort law purports to define the meaning of the contract relationship," the Court explained, "that law is pre-empted." *Id.*

Then the Court proceeded to analyze the Wisconsin tort remedy. Recognizing that the Wisconsin tort remedy "exists for breach of a 'duty' devolv[ed] upon the insurer by reasonable implication from the express terms of the contract," the Court determined that the duties imposed and rights established through the state tort derive from the rights and obligations established by the contract. 471 U.S. at 216, 105 S.Ct., at 1914. Since questions of contract interpretation would necessarily underlie any finding of tort liability, the Court held that § 301 pre-empted the Wisconsin tort claim. 471 U.S. at 218, 105 S.Ct., at 1915. Having done so, the Court proceeded to emphasize the narrow focus of its conclusion:

> [The Court does not] hold that every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by § 301. The full scope of the pre-emptive effect of federal labor-contract law remains to be fleshed out on a case-by-case basis. We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim ... or dismissed as pre-empted by federal labor-contract law.

471 U.S. at 220, 105 S.Ct., at 1916.

In its most recent opinion addressing the issue, *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988), 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410, the Supreme Court maintained the narrow view of pre-emption expressed in *Lueck*. In *Lingle*, the Supreme Court held that an application of state law is pre-empted by § 301 only if such

application requires the interpretation of a collective-bargaining agreement. 486 U.S. at 413, 108 S.Ct., at 1885. *Lingle* involved an action for retaliatory discharge filed by an employee against her employer, alleging that she had been discharged for exercising her rights under the Illinois workers' compensation laws. *Id.,* 486 U.S. at 401, 108 S.Ct., at 1879. The Supreme Court rejected the conclusion of the lower court that the action was pre-empted because it would implicate the same analysis of facts as would an inquiry under the "just cause" provision of her collective bargaining agreement. It stated:

> § 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements.

*Lingle,* 486 U.S. 399, 409, 108 S.Ct. 1877, 1883.

The defendant contends that the plaintiff's claim is preempted by § 301 as a result of the language of the statute on which his claim is based. The Florida Whistleblower Statute, Fla.Stat. § 448.101 *et seq.,* prohibits an employer from taking retaliatory personnel action against an employee because the employee has "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." However, Fla.Stat. § 448.105 provides:

> This act does not diminish the rights, privileges, or remedies of an employee or employer under any other law or rule or under any collective bargaining agreement or employment contract.

According to the defendant, this language necessarily requires interpretation of a collective bargaining agreement, and therefore any claim brought pursuant to this statute is pre-empted by § 301 when the parties involved are subject to a collective bargaining agreement. The Court disagrees.

All of the cases discussed above stand for the proposition that a state law claim is pre-empted by § 301 when it is impossible to determine whether the plaintiff is entitled to relief without interpreting the collective bargaining agreement itself. For example, in *Lucas Flour,* the employer brought a state claim for breach of the collective bargaining agreement. Similarly, in *Lueck,* the plaintiff's tort claim was based on the breach of a duty derived from the express terms of the collective bargaining agreement. The same is true for most of the other cases the defendant relies on. *See, e.g., Jackson v. Liquid Carbonic Corp.,* 863 F.2d 111 (1st Cir.1988) (Claim for invasion of privacy depended upon determination of the "reasonableness" of defendant's actions, which depended upon the expectations of the parties created by the agreement); *Hyles v. Mensing,* 849 F.2d 1213 (9th Cir.1988) (No state law standard existed for determination of plaintiff's claim for intentional infliction of emotional distress; determination turned on whether employer had exceeded its authority under the collective bargaining agreement, and was therefore preempted).

In this case, the plaintiff's right exists independently of the collective bargaining agreement. To determine whether the plaintiff is entitled to relief under the statute, the Court must only determine whether he was terminated in retaliation for his refusal to disobey the law. Section 448.105 of the Florida Statute does provide that the statute does not diminish the rights of an employer or employee under any collective bargaining agreement. Thus, the Court may need to look to the agreement to see whether the defendant is able to avoid liability under the statute in this case. However, this does not render the plaintiff's right "dependent" upon the collective bargaining agreement; the plaintiff's claim, therefore, is not pre-empted by § 301.

Like the Supreme Court's decision in *Lingle,* this conclusion is consistent with the policy underlying § 301 pre-emption of certain state law claims. As the Supreme Court held in *Lueck,* Section 301 pre-emption of state claims requiring interpretation of collective bargaining agreements is necessary to promote uniformity and predictability. According to the Supreme Court, the preemptive effect of § 301 must extend beyond suits alleging contract violations, because

questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Obviously, this is not a case in which the plaintiff has "relabeled" his contract claim so as to evade the requirements of § 301. The plaintiff has brought this claim pursuant to a statute which grants him a right unavailable under the contract. Moreover, the interests of uniformity and predictability in the interpretation of collective bargaining agreements will not be jeopardized in this case, because the Court will only be determining whether the Florida Statute was intended to apply to parties bound by this particular agreement. As the Court stated in *Lueck*, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of the federal labor law." 471 U.S. at 211, 105 S.Ct., at 1911.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the defendant's motions to dismiss and for summary judgment are hereby DENIED.

DONE AND ORDERED.