37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Barbara DAVIS Plaintiff-Appellant,
v.
UNITED AEROSPACE WORKERS LOCAL 148 and McDonnell Douglas
Aircraft Defendants-Appellees.
 No. 93-55068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1994.*
Decided Oct. 12, 1994.
 
 Before: Wallace, Reinhardt, and Brunetti, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 Barbara Davis was a final electrical inspector for McDonnell Douglas Aircraft (McDonnell Douglas) and a member of the United Aerospace Workers Local 148 (Union) for nearly 14 years. Her workplace conduct led to complaints by her coworkers and disciplinary meetings with her supervisors. In April of 1990, Davis requested a union representative to interview her coworkers about their attitudes toward her. The responses were overwhelmingly negative; Davis' coworkers found her to be an extremely difficult person with whom to work.
 
 
 3
 After receiving numerous complaints about Davis' conduct, McDonnell Douglas suspended Davis on August 21, 1990 pending a medical examination by McDonnell Douglas' in-house physician, who subsequently determined that Davis was not qualified to work at McDonnell Douglas. When Davis disputed this evaluation, McDonnell Douglas and the Union arranged for an mutually agreed-upon third-party doctor to resolve the dispute, as required by the explicit terms of the collective bargaining agreement. Two independent psychiatrists and one independent psychologist conducted the examination and concluded that Davis, due to psychological problems, encountered difficulty in relating to coworkers and supervisors. For this reason, they concluded that she would only be capable of working in an environment "which required minimal interpersonal contact and supervision." After reviewing the report of the three doctors, a human resource specialist for McDonnell Douglas concluded that there was no position for which Davis was qualified that would enable her to avoid interpersonal contact. McDonnell Douglas therefore left her suspension intact, thus effectively terminating her employment with the company. The Union did not further pursue Davis' grievance.
 
 
 4
 Davis filed claims against McDonnell Douglas for sex and age discrimination, harassment, and wrongful termination in violation of public policy. She filed claims against McDonnell Douglas and the Union for breach of contract, defamation, and intentional and negligent infliction of emotional distress. Finally, she filed a claim against the Union for breaching its duty of fair representation. The plaintiff filed her claims in state court, but the defendants removed the case to federal court. Plaintiff's counsel withdrew at this time, so Davis represented herself throughout the proceedings in the federal district court.
 
 
 5
 Plaintiff cannot succeed on this appeal because of her failure to offer facts which, if uncontroverted, would support her claim. Indeed, we affirm the district court's grant of summary judgment for reasons similar to those we outlined in Nilsson, Robbin, et al. v. Louisiana Hydrolec, 854 F.2d 1538 (9th Cir.1988):
 
 
 6
 [D]espite the fact that the movant's reply memorandum indicated that defendants had failed to properly support their opposition, despite a local rule requiring the opposing party to list all issues of material facts along with references to the record supporting the existence of those facts, and despite a tentative ruling by the trial judge expressly indicating that defendants' opposition to the summary judgment motion was insufficient, defendants did not show, with specific facts, the existence of a genuine issue for trial. At best, the conclusory nature of defendants' pleadings merely framed the ultimate issues of the lawsuit and did not establish the existence of genuine fact issues.
 
 
 7
 Nilsson, Robbin, 845 F.2d at 1545.
 
 ANALYSIS
 I. Sex Discrimination Claim
 
 8
 Under the familiar burden-shifting framework used for discrimination claims, to survive a motion for summary judgment a plaintiff must first provide evidence to support a prima facie case of discrimination. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888-89 (9th Cir.1994).[1] Once the plaintiff does so, the burden shifts to the defendant to provide evidence that it relied upon a legitimate, nondiscriminatory motive in making the employment decision. Id. at 890. If a defendant meets this burden, the presumption of discrimination arising from the plaintiff's prima face case is eliminated, and the plaintiff must provide evidence to demonstrate that the defendant's justification was pretextual in order to survive a summary judgment motion. Id. (citing St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742 (1992)).
 
 
 9
 Even if we were to assume that Davis met her prima facie burden by demonstrating that she was qualified for the position and that McDonnell Douglas took an adverse employment action against her, McDonnell Douglas has provided extensive evidence that the suspension was based upon the independent psychological evaluation by three doctors, as required by the explicit terms of the collective bargaining agreement.
 
 
 10
 Davis did not provide any evidence to dispute McDonnell Douglas' assertion that it suspended her for this reason. She only made unsubstantiated allegations that the doctors were biased because her union and employer paid for them, despite the fact that this payment system was required by the collective bargaining agreement itself. Davis also failed to provide any evidence demonstrating the existence of positions at McDonnell Douglas that would satisfy the requirements suggested by the three doctors, and she admitted that "there were no other jobs at Douglas Aircraft Company in which an employee could work without contact with people." Thus, Davis has not provided any evidence to contest McDonnell Douglas' assertion that its motivation for terminating her was the third-party doctors' report, nor has she produced any other evidence suggesting that McDonnell Douglas' explanation was pretextual. Accordingly, we affirm the district court's grant of summary judgment on her sex discrimination claim.
 
 II. Age Discrimination Claim
 
 11
 Davis' age discrimination claim fails for a similar reason. Even if we concluded that Davis introduced sufficient evidence to constitute a prima facie claim of discrimination, she could not prevail. McDonnell Douglas has articulated a legitimate, nondiscriminatory motive for terminating her--the independent report of three doctors concerning Davis' psychological problems and her inability to work with others. In order to survive summary judgment, as noted above, Davis must provide some evidence indicating that the company's justification was pretextual. However, Davis herself admitted that she had no evidence to establish that the company was discriminating against her on the basis of age. For this reason, the district court properly granted summary judgment on Davis' claim.
 
 III. Public Policy Claim
 
 12
 Davis has not produced any evidence to support her claim that McDonnell Douglas fired her because of her rigorous inspection techniques. Again, even if we assumed that a discharge for that reason would violate California public policy, we would be required to affirm the district court's summary judgment against her public policy claim. Under California law, Davis must provide some evidence that McDonnell Douglas' decision was motivated by the reason she suggests. See Slivinsky v. Watkins-Johnson Co., 221 Cal.App.3d 799, 806 (1990) (noting that, in order to succeed on a claim, a plaintiff must demonstrate that the employer's justification was pretextual and that the employer's motivation contravened public policy). Davis, however, admitted that McDonnell Douglas and the Union took no action against her because of the way she performed her job duties as an inspector. Because Davis has not produced any evidence to suggest that the company's justification was pretextual, she cannot succeed in demonstrating a discharge in violation of California public policy. See id.
 
 IV. Harassment Claim
 
 13
 The district court concluded that Davis' sexual harassment claim should be dismissed because Davis failed to exhaust her administrative remedies under the Fair Employment Housing Act. Even if the district court erred in reaching this conclusion, it correctly dismissed Davis' sexual harassment complaint on a separate ground. As the district court noted, only two of Davis' allegations were not barred by the statute of limitations; both concerned the use of foul language in Davis' presence. In one instance, another woman called Davis a name; in the other, two men fighting in Davis' presence used foul language. Even if Davis proves these allegations, they do not constitute sufficient evidence to establish a prima facie case of sexual harassment because they do not demonstrate the existence of harassing conduct that is so continuous and pervasive as to alter the conditions of employment and create an abusive working environment under either California or federal law. See Fisher v. San Pedro Peninsula Hosp., 214 Cal.App.3d 590, 610 (2d Dist.1989).
 
 V. Duty of Fair Representation Claim
 
 14
 Davis failed to file her duty of fair representation in a timely manner. Although Davis admitted that she was aware that the Union would not pursue her claim or provide further assistance to her by October of 1990, she did not file the suit until October 15, 1991. The Supreme Court has held that a six-month statute of limitations applies to duty of fair representation claims. Del Costello v. Teamsters, 462 U.S. 151, 172 (1983). Even if Davis' suit against the union were not time-barred, we would nevertheless find that the district court properly dismissed her claim. In order to meet her burden of proof, Davis must prove more than erroneous or negligent conduct on behalf of the Union. Galindo v. Stoody Co., 793 F.2d 1502, 1514 (9th Cir.1986). She must demonstrate that its conduct was "arbitrary, discriminatory, or in bad faith." Air Line Pilots Ass'n, Int'l v. O'Neill, 111 S.Ct. 1127, 1130 (1991).
 
 
 15
 Davis' claim rests solely upon her dissatisfaction with the Union's handling of her grievance. First, she questions the Union's role in collecting statements that contained criticisms of her. Second, Davis contests the Union's decision not to pursue her grievance against the company. However, Davis herself admitted that the union representative collected statements at her request, and she has provided no evidence that the Union handled her grievance in an arbitrary, discriminatory, or bad-faith manner. Accordingly, we find that the district court correctly dismissed this claim.
 
 V. Section 301 Preemption
 
 16
 Because Davis has presented no evidence that the Union breached its duty of fair representation, section 301 of the Labor Management Relations Act preempts her claims that arise from the collective bargaining agreement. See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976) (holding that a plaintiff may only obtain judicial relief by demonstrating that the union breached its duty to represent her fairly and that the company breached the collective bargaining agreement). Thus, we dismiss Davis' claims that the company and the Union breached the collective bargaining agreement on preemption grounds. Harper v. San Diego Transit Corp., 764 F.2d 663, 667 (9th Cir.1985).
 
 
 17
 We also dismiss Davis' claims that the comments made by employees of McDonnell Douglas against her during the company's review of her employment status were defamatory. We have explicitly held that defamation actions arising from statements made during disciplinary proceedings are preempted. Scott v. Machinists Automotive Trades Dist. Lodge No 190, 827 F.2d 589, 594 (9th Cir.1987).
 
 
 18
 Finally, we affirm the district court's dismissal of Davis' intentional and negligent infliction of emotional distress claims because they are preempted by section 301 of the LMRA. To the extent that Davis' claim hinges upon the company's decision to suspend and discipline her, we may not address the merits of her claim because the collective bargaining agreement specifically governs suspension, discipline, and grievance procedures; any inquiry concerning the company's conduct would necessarily require us to interpret the terms of the collective bargaining agreement. Newberry v. Pacific Racing Ass'n, 854 F.2d 1142, 1149-50 (9th Cir.1988); Hyles v. Mensing, 849 F.2d 1213, 1216-17 (9th Cir.1988). Even assuming that Davis' remaining state claims were not governed by the collective bargaining agreement, and are therefore not preempted, she has not provided any specific evidence that would satisfy her burden of proof at summary judgment. Accordingly, the district judge did not err in dismissing the claim.
 
 CONCLUSION
 
 19
 Because Davis has not presented adequate factual or legal support for her claims, the district court properly granted summary judgment to McDonnell Douglas and the Union. Accordingly, the district court's decision is
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 California has adopted federal standards for allocating the burden of proof for discrimination claims. County of Alameda v. Fair Employment and Housing Comm'n, 153 Cal.App.3d 499, 504 (1st Dist.1984)