933 F.2d 1013
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Darryl Wesley FUNDERBURK, Plaintiff-Appellant,
v.
Kendall BOYD, Ray Sadowski, Defendants-Appellees.
 No. 90-55406.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1991.*
Decided May 15, 1991.
 Before BEEZER, CYNTHIA HOLCOMB HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darryl Funderburk brought a civil rights action alleging that his right to access to the courts was violated by interference with his access to the prison law library. The district court dismissed his action for failure to state a claim. We affirm.
 
 
 3
 * Funderburk is an inmate of the California Men's Colony (CMC). He alleged that because he complained to defendant Boyd, the law librarian at CMC, about her allegedly divulging confidential information regarding cases Funderburk had pending in different courts, Boyd restricted his access to legal documents by requiring him to read them at the checkout counter. Funderburk alleges that when he lodged a complaint against Boyd with defendant Sadowski, who was Boyd's supervisor, Sadowski conspired with Boyd to restrict Funderburk's access to legal materials by stating that Boyd could run the library as she wished.
 
 
 4
 Funderburk alleges retaliatory motives on behalf of both defendants. Boyd, he claims, was retaliating for Funderburk's complaint regarding the dissemination of information regarding his other suits; Sadowski is alleged to have been upset that Funderburk was successful in requesting a court to restore good-time credits that Sadowski had denied. Funderburk requested $2 million in compensatory damages (later amended to $1 million) and $3 million in punitive damages (amended to $2 million).
 
 
 5
 A federal magistrate judge dismissed Funderburk's first complaint with leave to file an amended complaint curing defects specified by the magistrate. Upon defendants' motion to dismiss Funderburk's amended complaint, the magistrate recommended that the complaint be dismissed on the ground that Funderburk's access to the library was restricted rather than denied and that the seven actions filed by Funderburk and reviewed by the magistrate since January 1987 indicated that nothing had interfered with Funderburk's access to the court. The district court adopted the magistrate's report and recommendation and the suit was dismissed.
 
 II
 
 6
 We review de novo a dismissal for failure to state a claim. Jackson v. Southern California Gas Co., 881 F.2d 638, 643 (9th Cir.1989). Review is limited to the contents of the complaint. Id.
 
 
 7
 Prisoners have a constitutional right of access to the courts that requires prison authorities to provide them with adequate law libraries or adequate assistance from persons trained in the law. Toussaint v. McCarthy, 801 F.2d 1080, 1109 (9th Cir.1986) (citing Bounds v. Smith, 430 U.S. 817, 828 (1977)), cert. denied, 481 U.S. 1069 (1987). When a plaintiff brings a right of access claim, we must first determine whether he alleges that the law library or alternative sources of legal knowledge available to him are inadequate. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (citing Bounds, 430 U.S. at 828 (1977)). Funderburk did not make such a claim before the district court, but has included in his brief on appeal a request that we find his access to legal knowledge inadequate because the law librarian "lacks the knowledge to obtain the necessary books and other legal materials," no law clerks are trained to assist the inmates, and the law library falls below the standards set by the American Association of Law Libraries.
 
 
 8
 We will not consider an issue first raised on appeal unless it is purely legal and requires no additional development on the record, or there is clear error or manifest injustice. Animal Protection Institute v. Hodel, 860 F.2d 920, 927 (9th Cir.1988) (citations omitted). None of these exceptions exists in the present case.
 
 
 9
 Because the right to access claim does not involve allegations of inadequate access to legal knowledge, we must determine whether the plaintiff has alleged an "actual injury" consisting of "some specific instance in which an inmate was actually denied access to the courts." Sands, 886 F.2d at 1171 (quotations omitted). In Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990), we held that an inmate who admitted that "he could and did get the books and supplies he needed to complete basic research, and that he received assistance from other inmates in preparing his legal materials," was not denied meaningful access to the courts. "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner and place in which library facilities are used." Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Funderburk admitted that he was allowed to read law books at the checkout counter.[1] Although this is certainly not the optimal setting for legal research, the arrangement did not deny Funderburk's access to legal materials or to the courts.
 
 
 10
 Funderburk also raised claims that the defendants' conduct violated his rights under the First and Fourteenth Amendments. However, he did not state in what manner his First Amendment rights were violated. He also did not allege any discriminatory intent to support an equal protection claim, see Personnel Administrator v. Feeney, 442 U.S. 256, 272 (1979) (even where racial discrimination is alleged, must show discriminatory purpose), and makes only conclusory statements with respect to his due process rights. For these reasons, dismissal of the suit was appropriate, especially where the magistrate gave Funderburk the opportunity to amend his complaint.
 
 
 11
 The dismissal of Funderburk's suit is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The magistrate cited Funderburk's First Amended Complaint for the proposition that Funderburk conceded that he was the beneficiary of reading and research by law clerks. The only mention of law clerks in the amended complaint is a sentence that may suggest that Funderburk's access to law clerks was restricted as well: "Thus the Plaintiff being denied to use the law library soly for retaiatory reasons and not give other adequate means to law books, law Clerks are to perform research and to read legal materials is hampering the Plaintiffs legal research and meaningful access to the Courts. [Sic.]" Even if he was denied access to law clerks, however, he does not have the right both to access to legal materials and to legal assistance; rather, he had the right to one or the other. See Bounds, 430 U.S. at 828 (Prison authorities must provide "adequate law libraries or adequate assistance from persons trained in the law."). Additionally, Funderburk admitted in his brief on appeal that he was able to pay other inmates to do legal research for him. See Appellant's Opening Brief at 3