David W. JACKSON, Plaintiff–Appellant,

v.

SOUTHERN CALIFORNIA GAS COMPANY; Claudia Dodson; Lois Durfee; Mary Moore; Jean Bish; Betty Shattery; Pat Shattery, Defendants–Appellees.

No. 87-6506.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1988.

Decided July 28, 1989.

As Amended on Denial of Rehearing and Rehearing En Banc Oct. 20, 1989.

Timothy L. Taggart & Associates, Timothy L. Taggart, Bloomington, Cal., for plaintiff-appellant.

Michael A. Cartelli, Larry I. Stein, Los Angeles, Cal., for defendants-appellees.

Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CHARLES WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

David W. Jackson appeals from the district court's dismissal of his action against Southern California Gas Company (SCGC) and several employees of SCGC. Jackson, a black man, alleges that he was the victim of discriminatory employment practices causing him to be constructively discharged. Jackson filed his complaint in state court alleging a claim of discrimination under various sections of the California Fair Employment and Housing Act, as well as a contract and several tort claims. SCGC removed the case to federal court. The district court dismissed Jackson's complaint in its entirety. The court concluded that the claims were preempted under federal labor law, and found that Jackson failed to exhaust the grievance procedures contained in the collective bargaining agreement between SCGC and Jackson's union, Local 132 of the Utilities Workers Union of America, AFL–CIO. We affirm the dismissal of Jackson's claims for breach of contract, breach of an implied covenant of good faith and fair dealing, constructive wrongful/tortious discharge, and negligent and intentional infliction of emotional distress. We reverse and remand the dismissal of Jackson's claims for discrimination, wrongful discharge in violation of public policy, and defamation.

## FACTS

Jackson began working for SCGC as a Service Grade Clerk on February 14, 1983. Jackson alleges in his complaint that beginning in May, 1983, he was discriminated against because he was black. He lists several actions by defendants in support of his claim that he was not afforded equal employment opportunities and the same terms and conditions of employment as other employees.

Jackson filed a discrimination complaint with the California Department of Fair Employment and Housing (DFEH) on February 24, 1987. The DFEH rejected the complaint and issued a Notice of Verification of Attempt to File on March 18, 1987.

Jackson filed his complaint in state court on April 21, 1987, alleging the following claims: (1) racial discrimination under Cal. Gov't Code §§ 12920, 12921, 12926, 12940, 12965 (West 1980 & Supp.1989); (2) constructive wrongful/tortious discharge; (3) breach of the covenant of good faith and fair dealing; (4) breach of contract; (5) wrongful discharge in violation of public policy; (6) defamation/libel and slander; (7) intentional infliction of emotional distress; and (8) negligent infliction of emotional distress. SCGC removed the case to federal district court on August 7, 1987, on the ground that the third and fourth claims stated claims under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1982). SCGC filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) on August 12, 1987. As a basis for dismissal, SCGC argued that Jackson's second, third, fourth, seventh, and eighth causes of action were preempted by section 301 and that they should be dismissed because Jackson failed to exhaust the grievance procedures contained in the collective bargaining agreement. SCGC also contended that Jackson's first, second, third, fourth, fifth, and seventh causes of action should

be dismissed because Jackson was not constructively discharged. Attached to SCGC's motion were the affidavits of several supervisory employees, and copies of the collective bargaining agreement and pension and benefit agreements.[1]

A hearing was conducted by the district court on September 21, 1987. Convinced that the complaint had been artfully pled to avoid stating a federal breach of contract claim under section 301, the court summarily dismissed the entire action because Jackson had failed to exhaust the grievance procedures contained in the collective bargaining agreement.

On January 7, 1988, Jackson entered into a "Compromise and Release" in which he settled his workers compensation claim for $30,000. Jackson contends that he was required to resign his employment as a condition of the settlement.

Jackson appeals the court's failure to remand the case to state court and the dismissal of his complaint. We have jurisdiction under 28 U.S.C. § 1291 (1982).

## ANALYSIS

### I. REMOVAL

Jackson contends that his state court complaint was improperly removed to federal court and that the district court should have remanded it to state court.[2]

#### A. *Standard of Review*

■ The propriety of removal of a state action to federal court is a question of federal jurisdiction that the court reviews de novo. *See Bale v. General Tel. Co.*, 795 F.2d 775, 778 (9th Cir.1986).

#### B. *Removal Jurisdiction Based on § 301*

■ A suit may be removed to federal district court only if it could have been brought there originally. *See* 28 U.S.C.

§ 1441(a) (1982); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Hyles v. Mensing*, 849 F.2d 1213, 1215 (9th Cir.1988).

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429 (citation and footnote omitted). Accordingly "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption...." *Id.* at 393, 107 S.Ct. at 2430 (emphasis in original); *see also Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir.1988); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996 (9th Cir.1987).

Under the "complete pre-emption" doctrine, however,

the pre-emptive force of a statute [may be] so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (footnote omitted)); *see also Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285 (9th Cir. 1989); *Newberry*, 854 F.2d at 1146; *Young*, 830 F.2d at 996–97.

---

**1.** SCGC did not address count six in its motion to dismiss. At the time it filed its motion to dismiss, however, SCGC did file a motion for a more definite statement pursuant to Rule 12(e) alleging Jackson's complaint was vague and ambiguous. The motion requested further information concerning the alleged publications pertaining to count six.

**2.** Although Jackson failed to file a motion to remand, he did not waive his right to seek remand on appeal since he raised the issue in his response to SCGC's motion to dismiss and again at oral argument. *See Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 (9th Cir. 1985).

The complete preemption corollary to the well-pleaded complaint rule is most often applied in cases raising claims preempted by section 301 of the LMRA. Section 301(a) provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).

> [T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action "for violation of contracts between an employer and a labor organization." Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) (footnote omitted); *accord Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 558, 88 S.Ct. 1235, 1236, 20 L.Ed.2d 126 (1968) (when "[t]he heart of the [state law] complaint [is] a ... clause in the collective bargaining agreement," the complaint arises under federal law); *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 1881 & nn. 4, 5, 100 L.Ed.2d 410 (1988); *International Bhd. of Elec. Workers v. Hechler,* 481 U.S. 851, 856–57, 107 S.Ct. 2161, 2165–66, 95 L.Ed.2d 791 (1987); *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430; *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 210, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985); *Chmiel,* 873 F.2d at 1285; *Newberry,* 854 F.2d at 1146; *Young,* 830 F.2d at 997; *Stallcop v. Kaiser Found. Hosps.,* 820 F.2d 1044, 1048 (9th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987). In short, "[a] suit for breach of a collective bargaining agreement is governed exclusively by fed-

eral law under section 301." *Newberry,* 854 F.2d at 1146; *Young,* 830 F.2d at 997.

■ Jackson's fourth cause of action alleges breach of the collective bargaining agreement and quotes at length from section 12.03 of the agreement. Section 12.03 relates to causes for disciplinary action. This claim is therefore one to enforce the collective bargaining agreement and is controlled by section 301.

■ The remainder of Jackson's state law claims share with this federal claim "a common nucleus of operative fact" because the claims arise from the alleged discriminatory conduct that Jackson alleges caused him constructively to be discharged. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720 (1988); *United Mineworkers v. Gibbs,* 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–40, 16 L.Ed.2d 218 (1966). Jackson's state law claims therefore fall within the scope of pendent jurisdiction. *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. Because Jackson's state law claims could have been brought originally in the district court as pendent claims, the district court had jurisdiction on removal to address the pendent state claims. *See Bale,* 795 F.2d at 778. In light of our conclusion that the district court had pendent jurisdiction on removal of each of Jackson's state law claims, we need not consider whether the district court could also exercise removal jurisdiction on the alternative ground that the state law claims could be recharacterized as federal section 301 claims. *See id.*[3]

## II. MOTION TO DISMISS[4]

### A. *Standard of Review*

■ A dismissal for failure to state a claim under Rule 12(b)(6) is a ruling on a

---

**3.** In *Chmiel,* we opted for the latter approach in determining whether we had jurisdiction over the plaintiff's state claims removed to federal court. Jurisdiction over state claims may be established under either method of analysis. The end result is identical regardless of which analysis is employed. Under either analysis nonpreempted claims must be remanded to the district court. The court must then determine whether pendent jurisdiction over the claims should be exercised, and if not, whether under

*Carnegie–Mellon* the claims should be dismissed without prejudice or remanded to state court.

**4.** Although SCGC characterized its motion as one to dismiss under Fed.R.Civ.P. 12(b)(6), it attached several affidavits and copies of the collective bargaining agreement and pension agreement to its motion. Under Rule 12(b)(6), if "matters outside the pleading are presented to and not excluded by the court," a motion to dismiss must be treated as one for summary

question of law reviewed de novo. *See Fort Vancouver Plywood Co. v. United States,* 747 F.2d 547, 552 (9th Cir.1984). Review is limited to the contents of the complaint. *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983). A complaint should not be dismissed under the rule "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *North Star,* 720 F.2d at 580.

■ In reviewing decisions of the district court, we may affirm on any ground finding support in the record. *See Smith v. Block,* 784 F.2d 993, 996 n. 4 (9th Cir.1986); *see also Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985). If the decision below is correct, it must be affirmed, even if the district court relied on the wrong grounds or wrong reasoning. *See Bruce v. United States,* 759 F.2d 755, 758 (9th Cir.1985); *Alcaraz v. Block,* 746 F.2d 593, 602 (9th Cir.1984).

### B. *Preemption*
#### 1. *Contract Claim*

As we concluded above, Jackson's fourth cause of action for breach of contract is clearly preempted.

#### 2. *Discrimination and Tort Claims*

■ Preemption under section 301 extends beyond claims for breach of contract.

*Caterpillar,* 482 U.S. at 394, 107 S.Ct. at 2430 ("Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'"). "*Allis–Chalmers* makes clear that 'the pre-emptive effect of § 301 must extend beyond suits alleging contract violations' to encompass suits under state tort law that 'would frustrate the federal labor-contract scheme established in § 301.'" *Bale,* 795 F.2d at 780 (citations omitted; quoting *Allis–Chalmers,* 471 U.S. at 209–10, 105 S.Ct. at 1910–11). Although section 301 does not preempt every employment dispute tangentially involving a provision of a collective bargaining agreement, *Allis–Chalmers,* 471 U.S. at 211, 105 S.Ct. at 1911; *Newberry,* 854 F.2d at 1147, state claims that require interpretation of a collective bargaining agreement, *Lingle,* 108 S.Ct. at 1885; *DeLapp v. Continental Can Co.,* 868 F.2d 1073, 1075 (9th Cir.1989), or depend substantially upon analysis of a collective bargaining agreement's terms, *Allis–Chalmers,* 471 U.S. at 220, 105 S.Ct. at 1915; *Newberry,* 854 F.2d at 1147, are preempted.

### *Wrongful Discharge In Violation of Public Policy*

■ Jackson alleges a claim for wrongful termination in violation of public policy under *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 610 P.2d 1330, 164 Cal.Rptr. 839 (1980), in count five. Jackson claims his wrongful termination violates the state's public policy against racial discrimination.

A claim that a discharge violates public policy "is preempted ... if it is not based

judgment under Rule 56. The district court did not explicitly exclude the extraneous matter during oral argument or in its order. We have, however, held that a "motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleadings happen to be filed with the court and not expressly rejected by the court." *Northern Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 582 (9th Cir.1983). The proper inquiry is whether the court relied on the extraneous matter. *See id.*

A close reading of the transcript indicates that the court did not rely on the additional papers

filed by SCGC in dismissing the complaint. The court concluded that the complaint was a sham pleading and that the action should be dismissed because Jackson had failed to utilize the grievance process under the collective bargaining agreement. Although the dismissal order refers to the "papers on file herein," the order was drafted by counsel for SCGC and does not properly reflect the basis of the judge's decision to dismiss. Accordingly, SCGC's motion is properly characterized as one to dismiss under Rule 12(b)(6).

on any genuine state public policy, or if it is bound up with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship." *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 1002 (9th Cir. 1987) (citations omitted). "[A] claim is not preempted if it poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *Id.* at 1001.

There is little doubt that California has adopted a public policy against discrimination in the work place. Cal. Gov't Code § 12920 (West 1980) provides in part:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status, sex, or age.

*Id.* Section 12940 makes it an unlawful employment practice for an employer to "discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions or privileges of employment" on the basis of race. Cal. Gov't Code § 12940(a) (West Supp.1989). Additionally, enforcement of the state discrimination statutes would not require interpretation of any of the provisions of the collective bargaining agreement. *See, e.g., Mixon v. Fair Employment & Housing Comm'n,* 192 Cal.App.3d 1306, 237 Cal.Rptr. 884 (1987) (applying federal Title VII analysis to discrimination claim under section 12940).

The district court therefore erred in concluding that Jackson's wrongful discharge in violation of public policy claim is preempted. In so holding we do not infer, nor need we, that a common law claim of discrimination may be pursued independent of the California Fair Employment and Housing Act. *See Salgado v. Atlantic Richfield Co.,* 823 F.2d 1322, 1325 (9th Cir.1987) ("there is no common law cause of action for employment discrimination in California"); *but see*

*Rojo v. Kliger,* 209 Cal.App.3d 10, 257 Cal.Rptr. 158 (FHEA does not displace any causes of action and remedies which are otherwise available), *rev. granted,* 260 Cal. Rptr. 266, 775 P.2d 1035 (1989). We merely hold that if a common law cause of action does exist, it would not be preempted.

### Discrimination Under Cal. Gov't Code § 12940

■ Jackson alleges in count one that the conduct of the other employees of SCGC towards him was racially motivated in violation of Cal. Gov't Code § 12940. This claim is not preempted for the same reason his claim for wrongful discharge based on a violation of public policy was not preempted. *See Ackerman v. Western Elec. Co.,* 860 F.2d 1514, 1517 (9th Cir. 1988) (claim of handicap discrimination under section 12940 not preempted by section 301 because protection against handicap discrimination is defined and enforced under state law without reference to the terms of any collective bargaining agreement); *see also Chmiel v. Beverly Wilshire Hotel Co.,* 873 F.2d 1285, 1286–87 (9th Cir.1989) (age discrimination claim under section 12940 not preempted by section 301 because the right not to be discriminated against is defined under state law without reference to the terms of the collective bargaining agreement); *cf. Miller v. AT & T Network Sys.,* 850 F.2d 543, 549 (9th Cir.1988) (claim brought under Oregon's discrimination statute not preempted because Oregon's antidiscrimination statute has been construed by the Oregon Supreme Court to involve standards independent of a collective bargaining agreement).

### Breach of Implied Covenant of Good Faith and Fair Dealing

Jackson alleges in count three that SCGC breached an implied covenant of good faith and fair dealing owed to him under California common law. *See Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 765 P.2d 373, 254 Cal.Rptr. 211 (1988).

■ A claim of breach of the implied covenant of good faith and fair dealing is preempted by section 301 when an employee has comparable job security under a

collective bargaining agreement. *Chmiel,* 873 F.2d at 1286; *Newberry,* 854 F.2d at 1147; *Young,* 830 F.2d at 999–1000; *Harper v. San Diego Transit Corp.,* 764 F.2d 663, 667–69 (9th Cir.1985).

■ As Jackson himself recognizes, the collective bargaining agreement permits discharge for cause only, and sets forth in great detail in section 12.03 what conduct will give rise to dismissal. The collective bargaining agreement therefore provides comparable job security and the breach of the implied covenant is preempted.

### Constructive Wrongful/Tortious Discharge

■ The second count alleging "constructive wrongful/tortious discharge" is also preempted by section 301. In this cause of action, Jackson alleges that he had a contract of employment with SCGC for an indefinite term, and that he could not be dismissed except for good cause. He again cites to section 12.03 of the collective bargaining agreement in support of his claim. Because this claim requires construction of the terms and conditions of employment set forth in the collective bargaining agreement, it is preempted.

### Defamation/Libel and Slander

■ Jackson alleges that he was defamed by the statements made by several SCGC employees accusing him of embezzlement, sexual harassment, and poor work performance. Jackson alleges that these statements were made public, although he does not state exactly how.

In *Tellez v. Pacific Gas and Elec. Co., Inc.,* 817 F.2d 536 (9th Cir.), *cert. denied,* 484 U.S. 908, 108 S.Ct. 251, 98 L.Ed.2d 209 (1987), we held that a defamation claim under California state law was not preempted. *Id.* at 538. The employee in *Tellez* alleged that he had been defamed as a result of the distribution of copies of a letter falsely accusing him of buying cocaine on the job. *Id.* We stated that:

> This claim neither asserts rights deriving from the collective bargaining agreement, nor requires interpretation of the agreement's terms. California's defamation law establishes nonnegotiable

rights and obligations independent of any labor contract. One can sue for defamation regardless of employment status or union membership.

*Id.*

As in *Tellez,* Jackson's claim does not implicate the collective bargaining agreement. Although it is not clear exactly how the alleged accusations were disseminated, viewing the facts alleged in the light most favorable to Jackson, the accusations do not appear to have been made pursuant to any requirements of the disciplinary procedures. *Cf. Shane v. Greyhound Lines, Inc.,* 868 F.2d 1057, 1063 (9th Cir.1989) (finding defamation claim preempted because alleged statements were contained in notices of intent to discipline and discharge notices required under the collective bargaining agreement, and therefore involved interpretation of the collective bargaining agreement). Accordingly, Jackson's defamation claim does not require interpretation of the agreement and is not preempted.

### Intentional and Negligent Infliction of Emotional Distress

■ Jackson's claims of negligent and intentional infliction of emotional distress are based on the same conduct alleged in support of his other claims. Several of the actions relied upon by Jackson require analysis of the collective bargaining agreement. For example, the claims that he was accused of unsatisfactory work, of being a trouble maker, harassing other employees, and of other dishonest acts all relate to matters of discipline governed by section 12 of the collective bargaining agreement. Because disputes concerning the employment relationship are governed by the collective bargaining agreement, they are preempted by federal labor law. *See Truex v. Garrett Freightlines, Inc.,* 784 F.2d 1347, 1350 (9th Cir.1985); *see also Shane,* 868 F.2d at 1063; *Hyles v. Mensing,* 849 F.2d 1213, 1216 (9th Cir.1988); *Young,* 830 F.2d at 1002; *Stallcop v. Kaiser Found. Hosps.,* 820 F.2d 1044, 1049 (9th Cir.); *cert. denied,* 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987).

In contrast to the collective bargaining agreement in *Tellez*, the collective bargaining agreement here contains detailed provisions governing the types of activities alleged by Jackson in support of his intentional and negligent infliction of emotional distress claims. *See Hyles*, 849 F.2d at 1216 n. 3 (distinguishing *Tellez*); *see also Shane*, 868 F.2d at 1063 (finding of no preemption in *Tellez* "hinged upon the fact that Tellez's CBA 'is silent on work conditions, and vague on disciplining formalities' ").

Jackson contends that his emotional distress claims escape preemption under *Farmer v. United Bhd. of Carpenters & Joiners*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). The *Farmer* test, however, no longer applies in section 301 cases. *See Hyles*, 849 F.2d at 1216–17 (*Farmer* test inapplicable to section 301 cases after *Allis–Chalmers*).

### C. *Preempted Claims Properly Dismissed*

We have concluded that Jackson's claims alleging breach of contract, breach of an implied covenant of good faith and fair dealing, constructive/wrongful tortious discharge, and negligent and intentional infliction of emotional distress are preempted by section 301. These claims were properly dismissed by the district court because Jackson failed to exhaust his contractual grievance procedures under the collective bargaining agreement.

Generally, a bargaining unit employee may not bring an action for breach of the collective bargaining agreement unless he has exhausted the contractual grievance procedures. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965); *Truex*, 784 F.2d at 1353. The employee, however, may obtain judicial review of his claim despite his failure to exhaust contractual remedies if he can show that the union breached its duty of fair representation. *Vaca v. Sipes*,

386 U.S. 171, 185–86, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967).

Jackson does not allege a claim of breach of the duty of fair representation in his complaint. He also does not name the union as a defendant. Attached to Jackson's brief filed on appeal is his affidavit in which he states that in June 1986 he attempted to file a grievance with the appropriate union officials but that they refused to accept it. Jackson's belated contention that he attempted to file a grievance was not included in the complaint and was not considered by the district court. In any event, any claim Jackson might have that the union breached its duty of fair representation in 1984 is time-barred under the six-month time period under *Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169–70, 103 S.Ct. 2281, 2293–94, 76 L.Ed.2d 476 (1983).

### D. *Claims Not Preempted*

Jackson's claims of discrimination under Cal.Gov't Code § 12940, wrongful termination in violation of public policy, and defamation are not preempted. We remand these claims to the district court with instructions to consider whether pendent jurisdiction should still be exercised over these claims, and if not, whether under the guidance of *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the claims should be dismissed without prejudice or remanded to state court.[5]

### CONCLUSION

The case was properly removed to federal court because Jackson's breach of contract claim is preempted by section 301 of the LMRA. The district court had jurisdiction over the remaining claims under the doctrine of pendent jurisdiction.

We affirm the dismissal of Jackson's claims for breach of contract, breach of an implied covenant of good faith and fair dealing, constructive wrongful/tortious discharge, and negligent and intentional inflic-

---

5. We leave for resolution by the district court or state court the question whether any of these claims should be dismissed because Jackson was not "constructively discharged" at the time his complaint was filed.

tion of emotional distress because these claims are preempted by section 301 and Jackson failed to exhaust the grievance procedures contained in the collective bargaining agreement. We reverse the dismissal of Jackson's claims for discrimination, wrongful discharge in violation of public policy, and defamation, and remand them to the district court for consideration consistent with our instructions above.

Each party shall bear their own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.