961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don BAKER, Plaintiff-Appellant,
v.
KGMB; Lee Enterprises, Incorporated; James Manke; John
Does 1-10; Jane Does 1-10; Roe Non-Profit
Organization 1-10; Roe Governmental
Agencies 1-10, Defendants-Appellees.
 No. 91-15193.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1992.
Decided April 24, 1992.
 
 1
 Before CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges, and MUEKE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 * Plaintiff Baker appeals the district court's grant of summary judgment in favor of Defendants. Baker's complaint, originally filed in state court but removed to federal court, alleged nine counts. He now appeals the judgment with respect to Counts I and III, the state tort claims for wrongful discharge in violation of Hawaii public policy. The district court held that count I was preempted under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and that Hawaii law does not recognize a cause of action for count III. We affirm, holding that both counts I and III are preempted under section 301.
 
 II
 
 4
 * As a threshold matter, Baker challenges the district court's subject matter jurisdiction. Defendants removed this case to federal district court, arguing that eight of Baker's nine state claims were preempted by section 301 of the LMRA. The district court held that counts I and IX were preempted by section 301, and thus served as a basis for federal subject matter jurisdiction. It also held that it had jurisdiction over Baker's remaining state claims under the doctrine of pendent jurisdiction.
 
 
 5
 Baker argues that under the well pleaded complaint rule, removal was improper because his complaint did not state a cause of action "arising under" the laws of the United States. While Baker is correct that removal is proper only where the plaintiff could have filed his complaint in federal court at the outset, 28 U.S.C. § 1441, the United States Supreme Court has made it clear that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Since all of Baker's claims arise out of a "common nucleus of operative fact"--the facts surrounding Baker's discharge--the state claims that are not pre-empted may still be heard in federal court under the doctrine of pendent jurisdiction. Jackson v. Southern California Gas Co., 881 F.2d 638, 642 (9th Cir.1989).
 
 
 6
 The question of jurisdiction, then, requires an analysis of section 301 preemption. Section 301 preempts state claims that are founded on the rights created by the collective bargaining agreement ("CBA"), and state claims whose resolutions require an analysis of the CBA. Caterpillar, 482 U.S. at 394; Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985). The Court's most recent statement of this rule is contained in Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988): "[A]s long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Id. at 410. This holds true "even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts." Id. at 409-10.
 
 
 7
 The Ninth Circuit has held that the "preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement, and any state claim whose outcome depends on an analysis of the terms of the agreement." Newberry v. Pacific Racing Ass'n, 854 F.2d 1142, 1146 (9th Cir.1988) (citations omitted).
 
 B
 
 8
 Defendants argue that counts I, IV, VIII and IX are preempted under section 301, and therefore serve as a basis for subject matter jurisdiction. We agree.
 
 Count I:
 
 9
 Count I alleged retaliatory termination in violation of public policy. Several facts demonstrate that Baker engaged in artful pleading in an effort to keep his case in state court. We have held that a court may "properly look[] beyond the face of the complaint to determine whether the ... claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction." Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987) (citing Paige v. Henry J. Kaiser Co., 826 F.2d 857, 860-61 (9th Cir.1987), cert. denied, 486 U.S. 1054 (1988); Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1473 (9th Cir.1984)).
 
 
 10
 To begin, Baker had a difficult time stating which public policy had been violated by his termination. At one point during the district court proceedings, Baker relied on the state wage and hour law, yet at another point, he relied on the state's policy in favor of arbitration. On appeal, he relies exclusively on HRS § 387, Hawaii's wage and hour law. Baker's complaint undermines his public policy argument because he alleges retaliatory discharge for filing numerous grievances and complaints, not all of which concern wages and hours.
 
 
 11
 Most revealing is Baker's admission that he believed Defendants' conduct in this case violated the CBA, because it demonstrates that this is the reason Baker filed suit. In response to Defense counsel's question regarding whether Defendants violated the CBA, Baker replied: "I think the suit speaks for itself." Defendants are correct that this testimony "demonstrates that [at] the 'heart' of Baker's Complaint are charges that the Employers violated the AFTRA contract by terminating him." Count I is therefore preempted under section 301.
 
 Count III:
 
 12
 Although Defendants did not allege preemption of count III, we address the issue sua sponte because it concerns jurisdiction. Count III alleged wrongful termination in violation of the antidiscrimination policy contained in HRS § 378. This section prohibits discrimination against an employee for reporting state law violations to a public body. Haw.Rev.Stat. § 378-62.
 
 
 13
 The preemption analysis is identical to count I. We acknowledge that section 301 ordinarily does not preempt state antidiscrimination laws, Lingle, 486 U.S. at 412-13, and that on its face, this state tort claim does not require an interpretation of the CBA. Interpreted logically, however, Baker's statement that "the suit speaks for itself" reveals that he filed suit because he believed that the Defendants had violated the CBA. Thus, the statement demonstrates that Baker artfully pleaded in order to avoid federal court. This count is preempted under section 301.
 
 Count IV:
 
 14
 Count IV alleged infliction of emotional distress. The district court held that this claim was not preempted, but granted summary judgment because such a claim was barred--at least against KGMB--under the Worker's Compensation Statute, and because Baker had not demonstrated that Manke, as an individual, acted maliciously or intentionally.
 
 
 15
 The district court's application of the preemption doctrine was incorrect. We have held that claims of emotional distress are preempted under section 301 if the court must interpret the collective bargaining agreement to resolve the claim. Newberry, 854 F.2d at 1149. If the conduct causing the emotional distress is governed by the CBA, section 301 will preempt the state claim. Id. at 1150. Baker claims that Defendants' actions in terminating him caused him to suffer emotional distress. Although the CBA allows discharge without cause, it does limit the employer's ability to discharge employees for engaging in certain union activities, such as filing grievances. The CBA also requires KGMB to act reasonably when terminating an employee. Because it is necessary to interpret the CBA to decide whether Defendants' actions comported with the CBA, count IV is preempted by section 301. See Newberry, 854 F.2d at 1150 (emotional distress claim preempted when allegedly caused by termination because necessary to examine CBA to determine propriety of termination).
 
 Count VIII:
 
 16
 Count VIII alleged breach of the implied covenant of good faith and fair dealing. The district court granted summary judgment for Defendants because Hawaii law "does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing in the employment context." This is true only if Baker is an at-will employee. Parnar v. Americana Hotels, Inc., 652 P.2d 625, 629 (Haw.1982). Because the CBA allows Baker to grieve a discharge if he believes it violated the agreement, and required KGMB to act reasonably if it terminated him, Baker was not an at-will employee. See id. at 628 (collective bargaining agreement or contractual provision must reduce "the likelihood of abusive or wrongful discharge.").
 
 
 17
 We therefore proceed to preemption analysis. In his complaint, Baker pleaded that he "was employed by oral and individualized contract [sic] with KGMB." However, the validity of any individualized contract between an employee represented by a union and an employer depends on the terms of the CBA. Bale v. General Telephone Co., 795 F.2d 775, 779 (9th Cir.1986) (cause of action for breach of oral contract preempted by section 301). Thus, the CBA must be interpreted to determine whether it permits KGMB to enter into individual contracts with employees. For this reason, count VIII is preempted.
 
 Count IX:
 
 18
 Count IX alleges that "KGMB made various oral representations which were relied on by Baker; his termination is in breach of the doctrine of promissory estoppel." The district court held that this count was preempted, and in the alternative, that summary judgment was appropriate because Baker had not demonstrated any promises made by KGMB upon which he relied.
 
 
 19
 The district court correctly concluded that this claim is preempted under section 301. As stated above, the validity of individualized agreements depends entirely on the terms of the CBA. See Bale, 795 F.2d at 779. Resolution of Baker's promissory estoppel claim requires an interpretation of the CBA.
 
 C
 
 20
 In addition to counts I and IX, counts III, IV, and VIII are preempted by section 301.[1] The remaining state claims fall under the doctrine of pendent jurisdiction since all claims arise out the circumstances surrounding Baker's discharge. See Jackson, 881 F.2d at 642. We therefore AFFIRM the district court's finding of subject matter jurisdiction, as well as its grant of summary judgment.
 
 
 
 *
 The Honorable C.A. Mueke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we find that counts I and III are preempted under section 301, we do not consider whether count I is also preempted under the Garmon doctrine. For this same reason, we do not consider whether the district court properly held that the public policy tort announced in Parnar does not apply in Baker's situation