124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeanne P. HERMAN, Plaintiff-Appellant,
v.
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,
LOCAL NO. 971, et al., Defendnts-Appellants.
 No. 96-16389.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 28, 1997.**
Filed Sept. 11, 1997.
 
 Appeal from the United States District Court for the District of Nevada, D.C. No. CV-N-92-533-ECR; Edward C. Reed, Jr., District Judge, Presiding.
 Before FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In Herman v. United Brotherhood of Carpenters and Joiners, Local No. 971 (Herman I), 60 F.3d 1375 (9th Cir.1995), we reversed the part of the district court's order in which it granted summary judgment to Herman's employer, Local 971 of the Carpenters Union, on her breach of contract claim arising out of her discharge. The district court had rejected the claim on the ground that Herman had not exhausted the grievance procedures of the collective bargaining agreement. Id. at 1379. We held that because Herman had raised a genuine issue of material fact as to whether her union, the Office and Professional Employees International Union, Local 29, had breached its duty of fair representation, summary judgment was inappropriate. Id. at 1381. We remanded to the district court for further proceedings.
 
 
 3
 On remand, the district court properly allowed the parties to conduct additional discovery on the fair representation issue and authorized Herman's employer, Local 971, to renew its motion for summary judgment. Once again the district court granted summary judgment to Herman's employer, this time concluding, on the expanded record before it, that her bargaining representative, Local 29, had not breached its duty of fair representation. CR 65 at 9. Herman again appeals, and again we reverse.
 
 
 4
 The collective bargaining agreement between Herman's employer and her union establishes a several step grievance procedure for resolving the question of whether Herman's discharge was wrongful. Within thirty days of the occurrence, the employee must file a written complaint. Upon receipt of the complaint, one union and one employer representative must attempt to settle the dispute. If no settlement is reached within three days, the matter is submitted to a Board of Adjustment, comprised of two union and two employer representatives. If a majority of the Board of Adjustment is unable to agree on a settlement within three days, they "shall mutually select a neutral chairman, and these five (5) shall constitute a Board of Arbitration, and shall render a decision that shall be final, binding, and conclusive upon all parties concerned." If the two sides are not able to agree on a neutral chairman within twenty-four hours, they must ask the Federal Mediation and Conciliation Service ("FMCS") to submit the names of five qualified arbitrators. Within twenty-four hours after the names are submitted, each side is to reject two of the submitted names, and the remaining fifth person becomes the neutral chairman. CR 18, Ex. A at 7-8. The arbitration process is designed to achieve the quick resolution of job-related disputes.
 
 
 5
 Herman was fired on June 21, 1991. On June 25, well within the required thirty-day filing period, she submitted a written complaint to her union. The Board of Adjustment considered the complaint two months later on August 23, 1991. It was unable to settle the dispute and the representatives agreed to submit the dispute to binding arbitration, and, further, agreed to waive the time limits set forth in the collective bargaining agreement. Approximately six weeks later, Herman's union mailed a Request for Arbitration Panel to the FMCS. On October 31, 1991, the union received a list of five names from the FMCS. For almost nine months after receiving the list, the two sides failed to strike the four names as required by the collective bargaining agreement.[1] Finally, on July 22, 1992, Herman's union informed her that it would file a petition to compel arbitration in federal court and asked her attorney if he would be willing to act as local counsel. On August 11, Herman's attorney responded that he had filed an action for Herman against her employer in Nevada state court on June 15, but that she remained "anxious to exhaust her administrative remedies," i.e. go to arbitration, and that he would be willing to act as local counsel on the petition to compel arbitration. However, upon learning that Herman had filed an action against her employer, her union abandoned any and all efforts it might have been making to compel the employer to arbitrate, despite Herman's reassurance that she was still anxious to invoke the arbitral process.
 
 
 6
 The additional evidence presented on remand does not serve to eliminate the existence of a genuine issue of material fact as to the breach of the duty of fair representation. We must assume for purposes of this decision that Herman was wrongfully fired and entitled to immediate reinstatement. Instead, the grievance process proceeded at a crawl through the end of October 1991, when the list of the five arbitrators was received. At that time, Herman's union had available to it two simple options: it could, along with her employer, strike four names and thus arrive at the selection of the neutral chairman for the Board of Arbitration by process of elimination, or, if the employer refused to cooperate, it could file a petition to compel arbitration in federal court. A delay for a brief period of time to explore the possibility of negotiation might not necessarily have been unreasonable, although negotiations could certainly have been conducted during the course of and following the selection of the arbitrator. In any event, more than a year after Herman's discharge, her bargaining representative had still neither reduced the list of five arbitrators to one nor sought to compel arbitration. In fact, when her union learned from Herman's lawyer that eleven months and three weeks after the discharge, Herman had finally filed an action herself, the union immediately dropped all efforts to obtain arbitration, even though Herman still insisted she wished to invoke the arbitral procedure. Under those circumstances, we conclude that a triable issue of fact exists regarding whether Herman's union acted with "egregious disregard" for her rights. Tenorio v. NLRB, 680 F.2d 598, 601 (9th Cir.1982). Accordingly, we reverse the district court's order granting summary judgment on the breach of contract claim.
 
 
 7
 Because we conclude that Herman's claims for intentional and negligent infliction of emotional harm are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, see Jackson v. Southern California Gas Co., 881 F.2d 638, 645 (9th Cir.1989), we affirm the decision of the district court with respect to that claim.
 
 
 8
 Costs are awarded to appellant.
 
 
 9
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The defendants explain that the two sides exchanged correspondence during this period regarding a possible settlement of Herman's claims. According to the district judge, the employer was simply stalling and was being "dilatory" and "recalcitrant. "