**Miguel A. LOPEZ, Plaintiff— Appellant,**

v.

**FOX TELEVISION ANIMATION, INC.; EPSG Management, esa Manpay, LLC, dba EPSG Management Services, Defendants—Appellees,**

and

**Tony GARCIA, Defendant.**

**No. 02–55884.**

**D.C. No. CV–02–02184–R.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.*

Decided Aug. 8, 2003.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Miguel A. Lopez appeals from the district court's grant of Fox Television Animation, Inc.'s (Fox's) motion to compel arbitration and the district court's judgment that his claims for wrongful termination and defamation (in his complaint, his fourth and sixth claims, respectively) were preempted under § 301 of the Labor Management Relations Act (LMRA). We vacate the district court's judgment regarding preemption under § 301 and remand.

## Discussion [1]

### I. Jurisdiction and Standard of Review

Under the well-pleaded complaint rule, it is settled that "a case may not be removed to federal court on the basis of a federal defense, including a defense of pre-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts we do not recite them here.

emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the federal defense is the only question truly at issue." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). But there is a corollary to the well-pleaded complaint rule under the "complete preemption" doctrine, "applied primarily under § 301 of the LMRA." *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir.2000).[2] Because "[t]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization,' " *id.*, federal courts have limited jurisdiction to determine whether certain state law claims, over which federal courts generally lack subject matter jurisdiction, are preempted under § 301 of the LMRA. If a court determines that claims are not preempted under § 301, jurisdiction ceases, and thus the claims must be remanded to the state court for final resolution. *Id.*

We review de novo whether a district court has jurisdiction under § 301. *Garvey v. Roberts*, 203 F.3d 580, 587 (9th Cir.2000). Similarly, we review de novo whether state law claims are preempted under § 301. *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir.2001) (en banc), *cert. denied*, 534 U.S. 1078, 122 S.Ct. 806, 151 L.Ed.2d 692 (2002).

## II. Lopez's Claims and Preemption Under § 301

Lopez asserts six claims in his complaint: (1) national origin discrimination; (2) unlawful retaliation; (3) failure to prevent discrimination and retaliation; (4) wrongful termination, demotion, failure to hire, and retaliation in violation of public policy; (5) violation of the Unruh Act, Cal. Civ.Code § 51, 51.5; and (6) defamation. The district court determined, without explanation, that only Lopez's fourth and sixth claims were preempted.

■ Lopez's fourth claim – for wrongful termination, demotion, failure to hire, and retaliation in violation of public policy – does not turn on the interpretation of the collective bargaining agreement between Lopez and Fox. Fox argues that the district court's ruling should be affirmed because consideration of Lopez's fourth claim requires analysis and interpretation of several sections of the collective bargaining agreement, namely Articles 9 (Non-discrimination), 12 (Seniority), 16 (Discipline and Discharge), and 19 (Producer's Rights) of the agreement.

"A claim that a discharge violates public policy 'is preempted ... if it is not based on any genuine state public policy, or if it is bound up with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship.' " *Jackson v. So. Cal. Gas Co.*, 881 F.2d 638, 643–44 (9th Cir. 1989) (quoting *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir.1987)). But a claim of wrongful discharge is not preempted if it "poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment rela-

**2.** The doctrine of "complete preemption" should not be confused with the substantive question of preemption under § 301, though they are related, as the former is merely a doctrine of jurisdiction. "Thus, the 'complete preemption' doctrine does not abrogate the standard rule that a defense of preemption does not create federal question jurisdiction." *See Balcorta*, 208 F.3d at 1107 n. 7 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

tionship." *Young,* 830 F.2d at 1001. California has clearly adopted a public policy against workplace discrimination.[3]

We thus turn to consider whether the claim is "bound up" with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship. To resolve this claim, a court need only make factual inquiries. *See Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 407, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). We question whether Lopez would even need to refer to the agreement to prove his fourth claim, let alone to interpret the agreement. However, even if the agreement required attention, the provisions concerning non-discrimination, seniority, discipline and discharge, and producer's rights are all sufficiently unambiguous as to eliminate the need for interpretation. *Cf. Balcorta,* 208 F.3d at 1109–10 ("A court may be required to read and apply [contract] provisions in order to determine whether an employee was discharged ... but no interpretation of the provisions would be necessary.").

■ Lopez's sixth claim – for defamation – similarly is not preempted. In *Tellez v. Pacific Gas & Elec. Co.,* 817 F.2d 536 (9th Cir.1987), and *Jackson* we held that § 301 did not preempt defamation claims because they existed independently of the collective bargaining agreements. Because the elements required to prove the defamation claim derive from California state law of defamation and those elements do not require reference to, much less interpretation of, the collective bargaining agreement in this case, Lopez's defamation claim is not preempted under § 301. *See Jackson,* 881 F.2d at 645; *Tellez,* 817 F.2d at 538. Moreover, this case does not fall within the narrow ambit of *Shane v. Greyhound Lines, Inc.,* 868 F.2d 1057 (9th cir. 1989), which held the defamation claim in that case preempted under § 301. *Shane* held the claim preempted because the allegedly defamatory statements were contained in notices that were required under the collective bargaining agreement. *Shane,* 868 F.2d at 1063. In Lopez's case, the allegedly defamatory acts were remarks that existed independently of the collective bargaining agreement. Thus, we reverse the district court's determination that Lopez's defamation claim was preempted under § 301.

The district court correctly determined that the first, second, third, and fifth claims also do not require interpretation of the collective bargaining agreement; thus we note that these claims are also not preempted. Because we hold that none of Lopez's claims are preempted, federal jurisdiction ceases.[4]

---

3. Cal. Gov't Code § 12920 provides, in relevant part:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation.
It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interest of employees, employers, and the public in general.
Further, the practice of discrimination because of race, color, religion, sex, marital status, national origin, ancestry, familial status, disability, or sexual orientation in housing accommodations is declared to be against public policy.
*Id.*

4. We note that because there is no federal jurisdiction over this case, the district court

## Conclusion

We VACATE the district court's judgment with respect to the preemption of Lopez's fourth and sixth claims and REMAND to the district court with instructions to send all of Lopez's claims to the state court. We also VACATE the district court's order compelling arbitration because the district court lacked jurisdiction.

VACATED and REMANDED.

lacked the authority to grant a motion to compel arbitration under 9 U.S.C. § 4. That section only grants jurisdiction to federal courts in cases over, but for the arbitration agreement, the courts would have jurisdiction under Title 28.

