**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT G. KELLY; JOHN T. DEWALD, | No. 17-56334 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-02900-JM-AGS |
| v. | |
| STARR INDEMNITY & LIABILITY COMPANY, a Texas Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted March 7, 2019
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and SETTLE,** District Judge.

Plaintiffs-Appellants Scott G. Kelly and John T. DeWald ("Plaintiffs")

appeal the district court's order denying their motion for summary judgment and

granting the motion for summary judgment filed by Defendant-Appellee Starr

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Indemnity & Liability Company ("Starr"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

Plaintiffs operated a real estate investment and development firm that created numerous subsidiary entities to manage projects, assets, and liabilities. One of their investors, Kenneth Brehnan, loaned Plaintiffs' companies approximately $359,875 and received promissory notes in exchange. On August 12, 2010, Brehnan emailed Plaintiffs a demand letter (the "Brehnan Demand") in which he provided "a reminder of Notes that are due" and conveyed the following warning: "I expect all of these Notes to be paid off at [the] beginning of September 2010. . . . I would like to try not to proceed with legal remedy . . . as being recommended by my legal team. . . ." Importantly, Brehnan demanded payment on contracts with the companies and did not allege or assert misconduct by Plaintiffs as directors and officers of those companies.

In May 2011, DeWald applied for a claims-made directors and officers insurance policy (the "Policy") with Starr. Based on the application, Starr issued the Policy effective May 11, 2011 to May 11, 2012. In November 2011, Brehnan's attorney sent a more detailed demand letter and warned that Brehnan may bring claims of "breach of contract, breach of fiduciary duties, fraud, and securities fraud" against Plaintiffs. Plaintiffs contacted Starr to obtain defense. Starr, which at that time did not know of the Brehnan Demand, agreed to defend the claim

2

subject to a reservation of rights while it investigated. In April 2012, Brehnan provided Plaintiffs with a draft complaint. In August 2012, he formally filed suit. Both complaints specifically mentioned the Brehnan Demand. After reviewing the April draft complaint, Starr disclaimed coverage, a position it reaffirmed after reviewing the finalized complaint that was filed in August. Plaintiffs settled with Brehnan for $350,000, and subsequently filed suit against Starr, alleging breach of contract and negligence and claiming that Starr had a duty to defend them in the action against Brehnan. On opposing motions for summary judgment, the district court concluded that the Brehnan Demand was a claim first made prior to inception of the Policy and therefore Starr had no duty to defend or indemnify the claim.

"Interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation." *MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1212 (Cal. 2003). "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638. The Policy provides indemnification for losses "arising from a Claim first made during the Policy Period . . . against such Insured Person for any Wrongful Act . . . ." The Policy defines a "wrongful act" as "any actual or alleged act, error, omission, neglect, breach of duty, breach of trust, misstatement, or misleading statement by [Plaintiffs]." Under this clear language, the district court erred in concluding that the Brehnan Demand constituted a claim made for a

3

wrongful act. Instead, Brehnan demanded money owed pursuant to contracts with Plaintiffs' companies, which at most establishes a question of fact whether the claim would be covered by the Policy. Therefore, we reverse the district court's grant of summary judgment in favor of Starr.

"In reviewing decisions of the district court, we may affirm on any ground finding support in the record. If the decision below is correct, it must be affirmed, even if the district court relied on the wrong grounds or the wrong reasoning." *Jackson v. S. Cal. Gas. Co.*, 881 F.2d 638, 643 (9th Cir. 1989) (citations omitted). Starr argues that we should uphold the district court's judgment because (1) Plaintiffs made a material misrepresentation in the application for insurance and (2) multiple exclusions bar coverage. Starr, however, fails to show that any one of these theories is dispositive as a matter of law based on the current record. For example, because it is unclear whether the Brehnan Demand constituted a claim that would be covered by the Policy, we cannot conclude that DeWald made a material misrepresentation when he failed to disclose it in the application despite being asked about circumstances that might lead to potential claims. Brehnan alleged that Plaintiffs created fake companies to hide money from investors and that they repeatedly misrepresented their companies' financial affairs to influence additional investments—alleged activities that predate the Policy and would form a stronger basis for a finding of material misrepresentation—but the record before us

4

does not establish these facts such that we can conclude that Starr has presented an adequate ground to uphold the district court's decision as a matter of law.

Finally, we also conclude that Plaintiffs have failed to establish that they are entitled to a ruling on the duty to defend. If Starr obtains evidence of nonexistent companies or material misrepresentations that predate the Policy, then Starr could potentially establish an entitlement to equitable reformation of the contract to exclude any claim made by Brehnan. *See, e.g.*, *Resure, Inc. v. Superior Court*, 49 Cal. Rptr. 2d 354, 357–58 (Ct. App. 1996) ("It has long been held that rescission is not the sole remedy for an insurer who has been subjected to misrepresentations and concealment of material facts by an applicant."). We therefore affirm the district court's denial of Plaintiffs' motion for summary judgment and find no reason to enter either full or partial judgment for either party.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; and REMANDED.**