## NOT FOR PUBLICATION

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

PACIFIC SURGICAL INSTITUTE OF
PAIN MANAGEMENT, INC., a California
corporation,

Plaintiff-Appellant,

v.

XAVIER BECERRA, Secretary of the
United States Department of Health &
Human Services,

Defendant-Appellee.

No.    23-55798

D.C. No.
3:22-cv-01521-BAS-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted June 4, 2024[**]
Pasadena, California

Before:  M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Pacific Surgical Institute of Pain Management, Inc. (Pacific Surgical) is an ambulatory surgical center that provides medical services to patients suffering from chronic pain. Centers for Medicare and Medicaid Services (CMS) suspended Medicare payments to Pacific Surgical during an investigation of credible allegations of fraud. Pacific Surgical petitioned for mandamus to compel the Department of Health and Human Services (HHS) to release funds that an administrative law judge (ALJ) determined were reimbursable. The district court dismissed the petition for lack of subject matter jurisdiction. Pacific Surgical timely appealed.

District courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available . . . only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Grondal v. United States*, 37 F.4th 610, 620 (9th Cir. 2022) (internal quotation marks omitted). We review de novo whether the requirements for mandamus relief have been satisfied. *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction

2

pursuant to 28 U.S.C. § 1291.  We affirm.

The district court dismissed the petition because, *inter alia*, Pacific Surgical's claim is "anything but 'clear and certain'" and Defendant's "obligation to pay for reimbursable services is not 'free from doubt.'"  We agree.  *See Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 643 (9th Cir. 1989) ("In reviewing decisions of the district court, we may affirm on any ground finding support in the record.").  Pacific Surgical identifies no authority, let alone "clear and certain" authority, that the agency must pay claims determined to be reimbursable notwithstanding a pending temporary suspension of payments.  *Grondal*, 37 F.4th at 620.  CMS can suspend Medicare payments "*in whole* or in part," regardless of whether they are otherwise payable.  42 C.F.R. § 405.371(a)(2) (emphasis added).  Requiring the agency to pay claims that are processed during the suspension of payments would undermine the agency's ability to recover overpayments once the fraud investigation has concluded.  *See* 42 C.F.R. § 405.372(e) (Suspended payments are "first applied to reduce or eliminate any overpayments determined by . . . CMS.").

In addition, or in the alternative, Pacific Surgical argues that the temporary payment suspension expired on March 9, 2023—i.e., more than six months prior to the district court's order—and thus "could not have operated to preclude enforcement of the ALJ order."  The argument fails for at least two reasons.  First, Pacific Surgical presents no evidence that the payment suspension has expired.  *See*

3

*In re Van Dusen*, 654 F.3d 838, 841 (9th Cir. 2011) ("The petitioner bears the burden of showing that its right to issuance of the writ is 'clear and indisputable.'" (internal quotation marks omitted)). And HHS asserts that it "has continued the suspension of payments in accordance with the regulation" and "has actively evaluated the progress of any investigation to determine if good cause exists to no longer continue the suspension of payments" (cleaned up). Therefore, Pacific Surgical's attempts to shift the burden of proof to Defendant are unavailing.

Second, Pacific Surgical fails to establish that, even if the suspension had expired, the agency's duty to disburse the funds immediately is "so plainly prescribed as to be free from doubt." *Grondal*, 37 F.4th at 620. The ALJ merely identified services performed by Pacific Surgical that were covered by Medicare. Nothing in the ALJ's decision requires immediate payment. Indeed, before CMS can disburse the payment, the agency will need to review the relevant accounting records, incorporate the ALJ decision, and determine the correct amount, if any, that is payable to Pacific Surgical. *See* 42 C.F.R. § 405.372(e). Pacific Surgical offers no authority that would suggest otherwise.

**AFFIRMED.**