29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert B. BUTLER, Plaintiff-Appellee,
v.
Salvador GODINEZ, Defendant-Appellant.
 No. 92-16670.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1994.*
Decided June 29, 1994.
 
 Before: GOODWIN, POOLE, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert B. Butler is an inmate at Nevada's Ely State Prison. He filed this Sec. 1983 suit which alleges that prison officials, including the Warden, Salvador Godinez, violated his First and Fourteenth Amendment rights by refusing to deliver several pieces of mail to him and by providing mail rejection notices which did not comply with the due process standards set forth in Procunier v. Martinez, 416 U.S. 396, 417-19 (1974). The district court denied Godinez's motion for summary judgment. Godinez raised the defense of qualified immunity on a motion to reconsider, but the court denied this motion as well. Godinez then took this interlocutory appeal. Because we have no jurisdiction over that part of the appeal which purports to challenge the district court's jurisdiction, we dismiss this appeal in part. With respect to the issue over which we have jurisdiction--qualified immunity--we affirm, although we rely on a different ground than did the district court.
 
 1. "Jurisdictional" Claims
 
 3
 Godinez contends that Butler failed to present evidence showing that his First and Fourteenth Amendment rights had been violated. According to the warden, Butler therefore failed to show any "actual injury" sufficient to confer standing and, accordingly, the district court lacked jurisdiction. Although Godinez frames this argument in terms of jurisdiction, it is in fact an attack on the district court's decision to deny summary judgment on the merits. See Bell v. Hood, 327 U.S. 678, 682 (1946). Of course, we have no jurisdiction over an interlocutory appeal from the denial of summary judgment on the merits. See Oppenheimer v. Los Angeles County Flood Control Dist., 453 F.2d 895, 895 (9th Cir.1972) (per curiam). Moreover, even if Godinez were to challenge a jurisdictional decision of the district court, we would still lack jurisdiction over an interlocutory appeal. See In re Benny, 791 F.2d 712, 718 (9th Cir.1986). We must therefore dismiss the appeal to the extent it purports to raise a challenge to the district court's jurisdiction.
 
 2. Qualified Immunity
 
 4
 Although we have no jurisdiction over the "jurisdictional" claims raised by Godinez, we do have jurisdiction over the interlocutory appeal from the district court's denial of his qualified immunity motion. See Mitchell v. Forsyth, 472 U.S. 511, 526-28 (1985). The district court made the following findings on the immunity issue:
 
 
 5
 On the record, viewing the evidence in a light most favorable to the plaintiff, a reasonable warden in the position of defendant Godinez could reasonably have concluded that I.P. 169-90 does not incorporate all the provisions of A.R. 750. Defendant is therefore not entitled to summary judgment and this issue is one for the jury.
 
 
 6
 In other words, the district court concluded that the qualified immunity issue should go to the jury because a reasonable official could have concluded that the prison's Institutional Procedure 169-90 failed to incorporate sufficient due process protections.
 
 
 7
 The district court erred in denying the qualified immunity motion on these grounds. First, the proper inquiry is not whether a reasonable official could have concluded that his actions were un lawful; a public official is entitled to qualified immunity unless his actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993) (question is "whether a reasonable officer in Appellants' position could have believed, in light of clearly established legal principles, that his conduct was lawful ") (emphasis added). Second, we recently held in Act Up! that the question whether a defendant is entitled to qualified immunity is one of law, to be determined by the court. See id.
 
 
 8
 However, we may affirm on any ground which is supported by the record. See Jackson v. Southern California Gas Co., 881 F.2d 638, 643 (9th Cir.1989). Although we held in Act Up! that the ultimate question of qualified immunity is one for the court, we made clear that the jury must ordinarily determine the underlying facts. Accordingly, "[i]f a genuine issue of material fact exists preventing a determination of qualified immunity at summary judgment, the case must proceed to trial." Act Up!, 988 F.2d at 873. On the present record, there is a genuine issue of fact regarding whether the prison provided Butler with mail rejection notices that satisfied the due process requirements of Martinez. A genuine issue also exists with respect to whether the failure to provide adequate notices resulted from a random act of negligence, see Parratt v. Taylor, 451 U.S. 527 (1981), or from a defect in the prison's procedures. If the prison failed to implement procedures to ensure that mail rejection notices complied with Martinez, then Godinez is not entitled to qualified immunity. Because the factual issue remains unresolved, "the case must proceed to trial," Act Up!, 988 F.2d at 873, and the district court's denial of summary judgment on qualified immunity grounds must be affirmed.
 
 3. Conclusion
 
 9
 To the extent Godinez purports in this interlocutory appeal to challenge the district court's jurisdiction, the appeal is DISMISSED. The district court's denial of summary judgment on the issue of qualified immunity is AFFIRMED.
 
 POOLE, Circuit Judge, dissenting:
 
 10
 While I concur in Part 1 of the Memorandum, I dissent from Part 2. The qualified immunity issue should be remanded to the district court to allow it to consider the evidence in light of Act Up!/Portland v. Bagley, 988 F.2d 868 (9th Cir.1993).
 
 
 11
 The majority identifies two "factual disputes": (1) whether the prison provided Butler with rejection notices which satisfied due process requirements, and (2) whether the failure to provide adequate notices was due to negligence or a defect in prison procedures.
 
 
 12
 The first of these "factual disputes" is not a factual dispute at all. If the district court examines the mail rejection notices, it can determine as a matter of law whether they met due process requirements. If so, Godinez is entitled to qualified immunity and the case need not go to the jury. While there may be a factual dispute about the contents of those notices, this court cannot conclusively determine that a dispute exists on this record. The record before this court does not include copies of the rejection notices. Butler indicated in his appellate brief that between the proceedings in the district court and this appeal, he has obtained copies of the notices, which he did not have available to him before. Answering Brief at 11 n. 2.[1] The district court should be given the opportunity to decide whether the notices should be belatedly considered, and if so, whether there remains a factual dispute about the content of the notices, or whether there is only the legal question of their adequacy under the Due Process Clause.
 
 
 13
 Because there is the possibility that the district court can decide that due process requirements were met and that Godinez is entitled to qualified immunity without relying on the jury to determine a dispute of material fact, this court should remand.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 I note that the government has moved to strike this portion of Butler's brief, as bringing up evidence not before the district court. The hazards of such unpresented evidence, multiplied by the fact that Butler is pro se, are additional reasons to remand rather than attempt to make the determination which this court in Act Up! left to the district court--to determine whether there were material disputes of fact