MEMORANDUM *
Robert Boggs appeals from the district court’s grant of motions to dismiss and for *669 summary judgment on qualified immunity grounds with respect to five of the defendants (the “Multnomah Defendants”), and the district court’s grant of a motion to dismiss with respect to defendant Stewart. Boggs brought claims under 42 U.S.C. § 1988 alleging that the Multnomah Defendants and Stewart violated his Fourteenth Amendment right to notice and a name-clearing hearing in connection with the disclosure of his employment records containing allegedly stigmatizing statements. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we affirm.
As a matter of law, it was unclear whether Boggs had a right to the claimed due process under the circumstances of his termination, thus entitling the Multnomah Defendants to qualified immunity. There is virtually no agreement on the start or end date of the temporal nexus required to trigger the procedural protections of due process. Campanelli v. Bockrath, 100 F.3d 1476 (9th Cir.1996). Under Cox v. Roskelley, “placement of stigmatizing information in an employee’s personnel file constitutes publication when the governing state law classifies an employee’s personnel file as a public record.” 359 F.3d 1105, 1112 (9th Cir.2004). Here, it is not clear when Boggs’s personnel file became a public record under Oregon law because that law makes employment records public upon resignation but not when there is disciplinary action. Given the uncertainty as to the status of his withdrawn resignation, which had been secured under the threat of termination, the prospect of disciplinary action against Boggs lingered. Oregon law is ambiguous as to whether this sequence of events made Boggs’s personnel file public and therefore whether “publication” had occurred for Fourteenth Amendment due process purposes. Boggs’s employment records were not disclosed following a February 23, 2007 public record request, and it was not until May 10, 2007, when Boggs filed a civil suit related to his resignation, that the resignation became final and his employment record definitively classified as a public record.
Absent clear law on when publication of Boggs’s employment record occurred, the temporal gap between resignation and publication was too attenuated to establish the necessary nexus, even construing all inferences concerning dates in Boggs’s favor, as we must. In Tibbetts v. Kulongoski, we held that a nineteen day gap was too long to establish the necessary nexus under extant case law in February 2005 and June 2006, when the alleged violations in that case occurred. 567 F.3d 529, 538 (9th Cir.2009). Tibbetts remains controlling law because no new cases were decided on the issue between the time of the alleged violations in that case and the time of the alleged violation in this case sometime in the first half of 2007. Whether we take January 5 or February 5, 2007 as the start date of the temporal nexus, a period far longer than nineteen days passed before Boggs’s employment record was clearly public. Qualified immunity was thus properly granted because Boggs’s right to procedural safeguards was not “clearly established” and it would not have been “clear to a reasonable officer” that failure to provide Boggs with notice and a name-clearing hearing was “unlawful in the situation ... confronted.” Saucier v. Katz, 533 U.S. 194, 201-02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (outlining a two-pronged qualified immunity analysis, the second prong of which requires that a right be clearly established for an official to be stripped of qualified immunity protection); Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (holding that district courts have “discretion in deciding which of the two *670 prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand”).
The district court erred by considering matters outside the pleadings in granting defendant Stewart’s motion to dismiss on the basis that she was a clerical employee. However, “[i]f the decision below is correct,” we “may affirm on any ground finding support in the record.” Jackson v. Southern California Gas Co., 881 F.2d 638, 643 (9th Cir.1989). We affirm the district court’s grant of Stewart’s motion to dismiss on the basis of qualified immunity consistent with the legal analysis above.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.