**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT BOGGS, | No. 12-35515 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00954-ST |
| v. | |
| MICHAEL SCHRUNK and MULTNOMAH COUNTY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted November 4, 2013
Portland, Oregon

Before: ALARCÓN, M. SMITH, and HURWITZ, Circuit Judges.

Robert Boggs appeals from the district court's order denying his motion for

partial summary judgment and granting the motions for summary judgment filed

by Defendants-Appellees District Attorney Michael Schrunk and Multnomah

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

County on his § 1983 and state law claims. We have jurisdiction to review the district court's decision under 28 U.S.C. § 1291, and we affirm.

I

Boggs contends that the district court erred in granting qualified immunity to District Attorney Schrunk because it was clearly established that his due process rights were violated by publishing stigmatizing statements about him without first providing him with a name-clearing hearing. That same issue was rejected by another panel of this court in *Boggs v. Hoover* (*Boggs II*), 506 F. App'x 668 (9th Cir. 2013). Issue preclusion prevents the parties from now relitigating this contention before us. *See* 9th Cir. R. 36-3(a) ("Unpublished dispositions . . . of this Court are not precedent, except when relevant under . . . rules of claim preclusion or issue preclusion."); *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910–13 (9th Cir. 1997) (holding that issue preclusion applies to issues decided by this Court in an unpublished decision).

II

Boggs also asserts that the district court erred in holding that any omissions and inadequacies in Multnomah County's policies regarding the provision of a name-clearing hearing did not amount to deliberate indifference.

"[T]he policy of inaction must be more than mere negligence; it must be a conscious or deliberate choice among various alternatives." *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004) (internal citations omitted). Boggs has not demonstrated that the failure of Multnomah County to enact specific policies regarding the right of an employee to a name-clearing hearing was a conscious or deliberate choice. Boggs also did not present evidence of any prior constitutional violations. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012) ("[T]he absence here of any evidence of a pattern [of similar constitutional violations] makes it far less likely that [the plaintiff] can prove [the defendant] was on actual or constructive notice that its policy would lead to constitutional violations." (internal citations and quotation marks omitted)).

Viewing the evidence in the light most favorable to Boggs, he has failed to raise a genuine issue of material fact that Multnomah County was deliberately indifferent to omissions or inadequacies in its policies.

## III

Boggs contends that the district court erred in failing to rule on his contention that Multnomah County was liable because District Attorney Schrunk was a policymaker. Boggs did not properly preserve this claim because he first raised it in his opposition to Multnomah County's motion for summary judgment.

3

*See Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 435 & n.19 (9th Cir. 2011) (A plaintiff's claim, raised for the first time in its opposition to summary judgment, "[is] not properly before the district court.").

IV

Lastly, Boggs challenges the district court's grant of summary judgment in favor of District Attorney Schrunk and Multnomah County on his state law claims for intentional interference with employment and violation of Oregon's wage claim statute. He contends that District Attorney Schrunk, acting alone, had no authority to terminate his employment or force his resignation over the objections of the State Medical Examiner, Dr. Karen Gunson.

Although the Oregon Revised Statutes are ambiguous with respect to a district attorney's authority to terminate the employment of deputy medical examiners, the Multnomah County Personnel Rules ("MCPR") provide that the district attorney has the authority to fire executive, unclassified employees. MCPR §§ 1-10-040, 2-15-060, 4-70-030. The evidence shows that Boggs, in his position as Chief Deputy Medical Examiner, was an executive, unclassified employee. (Dkt. No. 72-2 at 1, 3). In addition, the 1997 letter agreement regarding the placement of the District Medical Examiner's Office within the District Attorney's Office is silent with respect to who has the authority to terminate deputy medical

4

examiners.  *See* Or. Rev. Stat. § 42.230 (2007) ("In the construction of an instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted . . . .").

Because District Attorney Schrunk had the authority to terminate Boggs' employment under the Multnomah County Personnel Rules, Boggs' state law claims fail.  The district court did not err in granting summary judgment in favor of District Attorney Schrunk and Multnomah County on these claims.

**AFFIRMED.**